### STATE v. ADAMS.

1. WITNESS—CONTRADICTION—PRACTICE—EVIDENCE.—A witness cannot be contradicted by direct testimony on an irrelevant or merely collateral matter.

2. IBID.—IBID.—IBID.—IBID.—One defendant may introduce testimony to contradict his codefendant, who swears against him.

3. ERROR—CIRCUIT JUDGE.—It is harmless error for a Circuit Judge to give a faulty reason for a proposition, when he also gives a good one.

Before TOWNSEND, J., Spartanburg. Affirmed. ,

Indictment against Tom Adams and Pink Macombson for house breaking and larceny. Both convicted, and Adams, being sentenced, appealed.

*Mr. Ralph K. Carson*, for appellant, cites: *One defendant may introduce testimony to contradict his codefendant:* 23 S. E. R., 476; 29 S. C., 230.

*Solicitor T. S. Sease*, contra, was represented by *Assistant Attorney General Townsend* in oral argument.

June 23, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The defendant was indicted jointly with one Pink Macombson for house-breaking and larceny, and they were defended by different counsel. The testimony on the part of the State was "that (the) storehouse of A. G. Floyd was broken and entered on the night of the 7th or morning of the 8th of November, 1895, and that a cheese, several boxes of cartridges and three pistols were stolen; one of the pistols was a hammerless pistol and the other two were what the witnesses called 'breakdown pistols'—meaning a pistol that would unhinge and

eject the shell.   The cheese and cartridges were found in Macombson's room;  the hammerless pistol was found in the possession of the appellant, one of the other pistols in the possession of a Jew, who identified Macombson as the party from whom he had purchased it, and Macombson admitted the selling.   The appellant testified that he bought the hammerless pistol from Macombson on Sunday after the store-house was entered.   What became of the third pistol was not shown.   There was no proof to connect Adams, the appellant, with the crime except the possession of the pistol and Macombson's testimony.   After witnesses had been introduced in behalf of the appellant, the defendant, Macombson, took the stand in his own behalf, and testified that he met Adams on the street, on the night of the breaking, about 12 o'clock, who told him to come and go with him, that he had a soft thing;  that they went together to the rear of the store, that Adams pulled open the window and handed out the goods to Macombson;  that Adams kept one of the 'break-down' pistols, and that the other things were taken to Macombson's room;  that on Sunday following Macombson exchanged pistols with appellant, appellant taking the hammerless pistol and Macombson getting in exchange the 'break-down' pistol, which he subsequently traded to the Jew."   The counsel for appellant, in cross-examining Macombson, asked him, amongst other things, whether he had ever sold Clarence Foster a pistol, which he denied.   Clarence Foster was then offered as a witness for appellant, and asked whether he had ever bought a pistol from Macombson, to which objection was made on the ground of irrelevancy.   The objection was sustained, the Court saying: "It is not competent;  he is a codefendant anyway."   After several other ineffectual attempts on the part of counsel for appellant to bring out from the witness, Clarence Foster, testimony that he had bought a pistol from Macombson, which was ruled to be irrelevant and incompetent, the defendants were convicted, and appellant moved for a new trial upon the ground that there was error in refusing to allow appellant

to show that the witness had bought a pistol from Macomb-son. The motion was refused, "upon the ground that the testimony was not material, and that it was an attempt to contradict the witness upon an immaterial point." There-upon "appellant was sentenced to six months on the public works or in the penitentiary."

From this judgment this appeal has been taken, upon the several grounds set out in the record, which it is deemed unnecessary to repeat here, as they all practically present the single question, whether the Circuit Judge erred in re-fusing to allow appellant to show that the witness, Clarence Foster, had bought a pistol from Macombson, thus contra-dicting the testimony of that witness. While it is quite true that the testimony of a witness may be impeached, not only by evidence as to his general bad character, but also by contradicting him, after due advertise-ment as to time and place, yet it is equally well settled that it is not competent to offer testimony tending to contradict the witness as to irrelevant or merely collateral matter. *State* v. *Wise*, 33 S. C., 592. In this case it is somewhat difficult to perceive how the fact (if it were a fact) that Clarence Foster had bought a pistol from Ma-combson was relevant to the issue, whether appellant was guilty of stealing the pistol which was found in his posses-sion very soon after the larceny was committed, or how it could afford any evidence that appellant's statement that he had bought the pistol found in his possession from Ma-combson on the Sunday after the storehouse was entered, was true. We do not see, therefore, that the Circuit Judge erred in refusing to allow appellant to contradict the wit-ness, Macombson, on an immaterial and irrelevant point. Possibly, if it had been made to appear that the appellant had bought the pistol found in his possession from Clarence Foster, and then the effort had been made to show that said Foster had obtained the pistol from Macombson, the self-confessed thief, a different view might be taken, as such testimony would serve to show how it was that the appel-

lant had obtained possession of one of the stolen articles. But this is not only unsustained by the testimony, but is directly in conflict with appellant's own testimony, who, as it appears from the liberal extract hereinabove quoted from the "Case," distinctly stated that he had bought the pistol found in his possession *not* from the witness, Clarence Foster, but from Macombson. There is, therefore, no foundation whatever for this conjectural view, which might possibly have rendered the testimony competent.

In two of the exceptions, error is imputed to the Circuit Judge in holding that, where two persons are on trial, and one of them is offered as a witness on his own behalf, and in testifying implicates his codefendant, it is not competent to offer evidence tending to contradict such witness. The only possible foundation for the point raised by these two exceptions is, that the Circuit Judge, in ruling the testimony offered to be incompetent, added these words: "He is a codefendant anyway." If, by this language, the Circuit Judge intended to hold that it was not competent for one codefendant to offer testimony tending to contradict his codefendant, when testifying against him, we would not be disposed to approve such a ruling. *State* v. *Goff*, 23 S. E. Rep., 355. But even if the Circuit Judge had made distinctly the ruling objected to, we do not see how such an erroneous ruling would help the appellant. The testimony was objected to upon the ground that it was an effort to contradict a witness as to an irrelevant or collateral issue, and the ruling was that the testimony was not competent, in which, as we have seen, there was no error. And if the Circuit Judge went on and assigned an additional reason, which could not be sustained, that, certainly, would not even tend to show that *the ruling* was erroneous, but, at most, would only show that *one* of the reasons assigned was not sound.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.