### 10800

#### STATE v. BLUE

#### (110 S. E. 111)

1. WITNESSES—WITNESS MAY REFRESH MEMORY FROM MEMORANDUM.— Evidence of one testifying to facts within his own knowledge should not be excluded because he used memoranda to refresh his memory, as against an objection that secondary evidence was allowed without proof of loss or destruction of the best evidence, a book from which memoranda was taken.

2. CRIMINAL LAW—ADMISSIONS AND DECLARATIONS OF CODEFENDANT HELD ADMISSIBLE.—Admissions and declarations of a codefendant tried at the same time were admissible, and competent to go to the jury for their consideration as to the guilt or innocence of all of the defendants, such codefendant having testified in his own behalf, and implicated the other defendants.

Before Bowman, J., Dillon, February, 1921. Affirmed. Grady Blue convicted of grand larceny and appeals.

*Mr. Joe P. Lane,* for appellant.   No citations.

*Mr. J. Monroe Spears, Solicitor,* for the State.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was tried before Judge Bowman and a jury at February term of Court, 1921, for Dillon County, on a bill of indictment for grand larceny, and, after conviction and sentence, appealed, and by the following exceptions alleges error:

"His Honor erred, it is respectfully submitted, in overruling the motion of defendant's counsel to strike out the entire testimony of the witness, McIntyre, identifying the shield buckles found by the roadside as being the shield buckles off of the cotton of Miss Carmichael, on the ground that Mr. McIntyre acknowledged on cross-examination that his knowledge of the identification of the numbers of the shield buckles was derived from a book kept by some other person for Miss Carmichael, which was not produced in evidence nor in his possession at the time he was testifying; the error being that, in a criminal case, secondary evidence was allowed without the proof of the loss or destruction of the best evidence, to wit, the book in which the entry of these numbers was kept, the only actual proof of the identification of said property being contained in this book.

"*Second Exception.*—That his Honor erred, it is respectfully submitted, in allowing A. J. Carmichael, over the objection of the defendant, to testify as to what Bubber Stackhouse, one of the defendants, told him, no one having been placed in the dock except Grady Blue and Barney Stackhouse; the error being that this witness, A. J. Carmichael, was allowed to testify purely to hearsay testimony, and this hearsay testimony was allowed full weight against the defendant, Grady Blue, and so allowed to stand by the trial Judge, none of which conversation with Bubber Stackhouse by A. J. Carmichael was either in the presence or in the hearing of the defendant, Grady Blue.

"*Third Exception.*—That his Honor erred, it is respectfully submitted, in allowing A. J. Carmichael, over the objection of the defendant, to testify as to what Bubber Stackhouse told him, no one having been placed in the dock except Grady Blue and Barney Stackhouse; the error being that, if the case was being treated as one against the defendants as conspirators engaged in a common enterprise, then no confessions, admissions, or statements made by one of defendants after the alleged crime had been committed would be competent against any other defendant."

(1-2) Exception 1 is overruled for the reason that the witness testified to facts within his own knowledge, without reference to the entry in the book, and only used the memorandum taken by him from the books, as it were, to refresh his memory. We see no prejudicial error as complained of. Exception 2 is overruled. Bubber Stackhouse was on trial along with the other defendants. His admissions and declarations were certainly competent against himself. In addition to this he testified in his own behalf; and his evidence, wherein he implicated the other defendants, was certainly competent to go to the jury for their consideration as to the guilt or innocence of all of the defendants.

Exception 3 is overruled for the reason given in overruling Exception 2.

If defendant's counsel had called his Honor's attention to the fact, or had requested him to charge, that the confession of the defendant could be used only against the one making the confession, no doubt he would have done so; defendant's counsel did not do so, but made a motion to strike out evidence that was properly in the case.

All exceptions are overruled, and judgment affirmed.