15844

STATE v. RUSS

(38 S. E. (2d), 385)

*Messrs. Kenneth R. Kreps, J. A. Hutto* and *Glenn O. Schultz,* all of Columbia, for appellant,

. . .*Solicitor T. Pou Taylor*, of Columbia, for respondent,

June 1, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

The appellant, Robert R. Russ, and Carol Mitchum were indicted for housebreaking and grand larceny. In the same indictment one Vinson Ridgeway was charged with being an accessory before the fact, and they were jointly tried. The three defendants were jointly represented by Messrs. J. Archie Hutto and Kenneth R. Kreps, and each pleaded not guilty. The trial resulted in a verdict of guilty against all of the defendants as charged. The appeal is by Robert R. Russ alone.

Upon the close of the State's case, the appellant Russ was sworn as a witness for the defense. He asserted his innocence, and denied any connection with the commission of the crime. Following his testimony, counsel for the defense placed Carol Mitchum upon the stand. On his direct examination, he admitted his guilt without qualification, and directly implicated his co-defendant, Russ. After a brief cross examination by the state, and re-direct examination by his own counsel, a motion was made by Mr. Hutto on behalf of Russ for the privilege of cross examining Mitchum for the purpose of impeaching his general reputation. The motion was denied upon the ground that counsel should not be allowed to attack the character and reputation of their own witness and their own client.

The motion as made by Mr. Hutto is as follows:

"If your Honor pleases, there are quite a number of things, I think, the jury should know about this man on the stand, so that they can give proper value to his testimony.

His testimony is directly in contradiction to what Mr. Russ here says, and I think they should be given the benefit of it, so as to place a value between the two defendants. One thing is that the man has been repeatedly convicted of stealing. I think that goes to his credibility."

The grounds of the motion were later added to by the statement that it could be shown that the defendant, Mitchum, had made a practice of swearing against his co-defendants in other cases and in other courts on promises of light sentences or no sentence at all; and, further, that he had been in conference prior to and during the trial with the officers of the law. But despite Mitchum's defection, counsel reiterated their intention to continue to represent him along with the other defendants.

Appellant's exceptions raise the sole issue that the court erred in refusing him the right to cross examine his co-defendant, Mitchum, under the circumstances above detailed. It is argued that the right of cross examination for the purpose of eliciting truth, belongs to a defendant whose co-defendant, represented by the same counsel, proves to be an adverse witness upon direct examination.

It is clear, however, as shown by the record, that the motion was not based upon surprise or entrapment, but counsel sought to attack Mitchum's reputation,—a reputation which they apparently well knew before they placed him upon the stand.

The direct examination of Mitchum by defense counsel followed an unusual but uninterrupted course. For twelve pages of the record, step by step, in answer to questions, Mitchum gave a detailed history of the theft, incriminating himself and the appellant, Robert Russ. At times he was told by his counsel to speak louder; at other points in his testimony when he appeared to pause, he was told to go ahead. And he was prompted, "What happened then"? and "What happened there"? Counsel state in argument that they were taken by surprise. This is not gainsaid, but there was no indication of any dissatisfaction with this testimony until the stated motion was made. No motion was made to

allow counsel to cross examine their witness upon the gr( of surprise in order to bring out the fact that he had r.. prior inconsistent statements.

Generally, a party cannot impeach a witness he has introduced, either in a criminal case or a civil case. *Bauskett v. Keitt,* 22 S. C., 187; *Farr v. Thompson,* 25 S. C. L., 37, Cheves Law, 37; *Perry v. Massey,* 17 S. C. L., 32, 1 Bailey's Law 32; *State v. Campbell,* 150 S. C., 449, 148 S. E., 472; *State v. Gilbert,* 153 S. C., 25, 150 S. E., 321.

It is always permissible, however, for a party when taken by surprise to ask his own witness whether he had made prior statements inconsistent with his testimony. *State v. Waldrop,* 73 S. C., 60, 52 S. E., 793; *State v. Nelson,* 192 S. C., 422, 7 S. E. (2d), 272.

An accused testifying in his own behalf and separately represented, may be cross examined by counsel for other defendants jointly indicted and tried with him on all matters material to their clients, in addition to the cross examination of the prosecuting attorney. *State v. Adams,* 49 S. C., 414, 27 S. E., 451; *State v. Blue,* 118 S. C., 127, 110 S. E., 111; *State v. Holmes,* 171 S. C., 8, 171 S. E., 440. To the same effect is *State of Maine v. Crooker,* 123 Me., 310, 122 Atl., 865, 33 A. L. R., 821.

It will be noted that in the foregoing cases the parties were jointly indicted and jointly tried, but represented by separate counsel. They were not allied in any common defense as in the case at bar.

For instance, in *State v. Holmes, supra,* three defendants were jointly indicted and tried together. Each was represented by separate counsel. In the trial, one of the defendants, Evans, testified on his own behalf, and gave very damaging testimony against his co-defendant, Holmes. It was held that counsel for Holmes, under these circumstances, had the right to generally cross examine Evans. It was further held that Holmes had the right by his own testimony or the testimony of any other witness to contradict the evidence of Evans, given either on his direct examination or on his cross examination.

It is urged by appellant that there is no fundamental difference so far as the general right of cross examination is concerned, where A, B and C are jointly tried and are represented by separate counsel on the one hand, and where they are jointly tried and represented by joint counsel on the other. But it seems to us that this is an abstract proposition which need not be considered. Nor do we deem it necessary to discuss whether counsel should have severed their relationship with Mitchum.

The specific issue made on trial and ruled on by the trial judge was whether counsel representing all of the defendants had the right to attack and impeach the character and reputation of Mitchum. Under the unusual circumstances of this case, we are of the opinion that the trial court committed no error in disallowing such impeachment. If Mitchum had been an ordinary witness put up by the defense and not a co-indictee, such impeachment under the facts disclosed here would not have been proper, and we see no sound reason for making any distinction.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.