STATE OF MISSOURI, Respondent, v. GEORGE U. BELL, Appellant, No. 41575—223 S. W. (2d) 469.

Court en Banc, October 10, 1949.

*J. E. Taylor,* Attorney General, and *W. Brady Duncan,* Assistant Attorney General, for respondent.

CLARK, J.—Defendant, represented by two regularly licensed and practicing attorneys, was tried in the circuit court of Jackson County for the murder of Charles Neaves, a policeman of Kansas City, on September 20, 1948. The jury returned a verdict of guilty of murder in the first degree and assessed defendant's punishment at death. Judgment and sentence were rendered in accordance with the verdict and defendant appeals.

Evidence introduced by the State was that William Bell and a woman named Gwindola King occupied the front room and Mrs. Rainey and her infant daughter occupied the rear two rooms of an apartment. On September 18, 1948, Mrs. Rainey had some trouble with William Bell and had him arrested and placed under bond to keep the peace. On September 20, 1948, at about nine o'clock p.m., Mrs. Rainey returned to her rooms with her infant daughter. As she passed through the front part of the apartment she saw defendant, his brother William, Gwindola King and two other women drinking liquor. She heard William Bell, in the presence of defendant, say that she was the woman who had him arrested and that he was going to "get" her in such a way that no one would know who did it. She left by a back door and went to a neighbor's house and called the police. Officers Neaves and Washington, after talking to Mrs. Rainey, went to the apartment where they found the five persons above mentioned. They told William Bell that he would have to go with them to the police station as he had broken his peace bond. He said it was a "frame-up," but would go into the next room, get his coat and go with them. About that time defendant took up the argument and the officers told him he would have to go with them too. William Bell returned and defendant suddenly seized a shotgun and shot Officer Neaves at short range. He fell and apparently died instantly. Officer Washington started to run and William Bell took the shotgun and shot and killed him. Defendant dragged the body of Officer Neaves along the hall toward the front door. There was a puddle of blood at the spot where the officer had fallen and a smear along the floor. Defendant told the King woman to get a mop and mop up the floor before other policemen could arrive. Other policemen came, a gun battle ensued, resulting in the killing of William Bell and Officers Wells and Perrine. Two other officers and a bystander were wounded. Defendant escaped, but was arrested soon afterwards. A laboratory test was made of spots on a part of his clothing and determined to be blood. A paraffin test was used on his hands and showed the presence of nitrates which could have been caused by the discharge of a firearm. After the shooting was over,

statements were taken from the three women who were present. Two of them, Ora Belle Scott and Alpha Russell, stated that they saw defendant shoot Officer Neaves with a shotgun. The King woman said she did not see the actual shooting, but saw defendant drag the body of Neaves down the hall. These women made substantially the same statements under oath at the preliminary hearing before a magistrate and two of them gave the same kind of testimony at the trial. The other, Ora Belle Scott, a witness for the State, changed her testimony at the trial by saying that she did not see defendant do any shooting. Thereupon the prosecutor claimed surprise and was permitted, over the objection of defendant's counsel, to cross-examine the witness.

The State offered other evidence of a corroborative nature which it is unnecessary to detail. Defendant's motion for a new trial does not attack the sufficiency of the evidence. The defense was that all the killing was done by William Bell.

Defendant has filed no brief in this court. His motion for a new trial contains twenty assignments of error, many of them containing several sub-divisions.

In Assignments 1, 2, 3, 4, 11, and 19, defendant complains of the admission of evidence as to other crimes; that is, as to the killing of Officers Washington, Wells, and Perrine and the wounding of other persons.

This evidence was properly admitted as a part of the res gestae. It did not relate to separate and distinct crimes, but parts of a continuous occurrence intimately connected with the crime for which defendant was being tried. [State v. Brinkley, 354 Mo. 337, 189 S. W. (2d) 314; State v. Mangercino, 325 Mo. 794, 30 S. W. (2d) 763.]

Assignments 5 and 6 complain of evidence of the trouble between Mrs. Rainey and William Bell resulting in his being required to give a bond to keep the peace.

The details of this trouble were not given. The evidence was merely explanatory of the main occurrence and was competent. [State v. Johnson, 349 Mo. 910, 163 S. W. (2d) 780.]

The court did not err in permitting the prosecutor to cross-examine the witness, Ora Belle Scott. [Assignments 7, 8, and 9.] She was plainly hostile to the State and contradicted her previous statements and testimony. [State v. Shepard, 334 Mo. 423, 67 S. W. (2d) 91.]

No citation of authority is necessary to sustain the correctness of the trial court's ruling in excluding the self-serving statement of Ora Belle Scott as to what she told her mother some time after the killing.

The court did not err in admitting in evidence photographs of the dead body of Officer Neaves and the scene of the killing.

[Assignments 12, 14, 15, and 17.] They were properly identified and were material on the question of whether the officer was killed at the spot where his body was found after the gun battle. [State v. McDaniel, 336 Mo. 656, 80 S. W. (2d) 185.]

The court did not err in failing to give a cautionary instruction as to the conflicting statements of Ora Belle Scott. [Assignments 13 and 14.]

Defendant did not request nor offer such an instruction and, it being a collateral matter, the court was not required to give one. [State v. Bagley, 339 Mo. 215, 96 S. W. (2d) 331.]

There is no merit in Assignment 18 which complains of uniformed police officers being present at the trial.

Several officers testified, but the record fails to show that they were guilty of any impropriety or attempt to improperly prejudice the defense. [State v. McKeever, 339 Mo. 1066, 101 S. W. (2d) 22.]

The last Assignment complains that the verdict is the result of bias and prejudice.

This Assignment is too general to present anything for review. [R. S. Mo. 1939, sec. 4125; Mo. R. S. A.] But we have carefully examined the transcript of the record and fail to find any indication of bias. We believe that defendant was accorded a fair and impartial trial and that the verdict is justified by the evidence.

The judgment is *affirmed*. All concur.