**STATE of Missouri, Respondent,**

v.

**James Ackey TURNER, Appellant.**

No. 44177.

Supreme Court of Missouri.

Division No. 1.

Nov. 8, 1954.

James D. Anderson, Kansas City, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

Defendant, James Ackey Turner, Hardy Dell Green and Orville Lee Estes were

jointly charged on information of the Prosecuting Attorney of Jackson County with the crimes of burglary in the second degree and grand larceny. Green and Estes pleaded guilty to the charge of burglary and each was sentenced to imprisonment for a term of two years. Upon trial by jury defendant was found guilty of the burglary charged against him and his punishment was fixed at imprisonment in the Penitentiary for a term of two years. Following the overruling of his motion for new trial and timely filed amended and supplemental motion for new trial, the trial court commuted the punishment imposed by the verdict to imprisonment in the Intermediate Reformatory at Algoa for a term of two years. Defendant was so sentenced, from which sentence he has duly appealed.

■ Defendant has filed no brief. We, therefore, examine the record and valid assignments of error set forth in the motions for new trial. Rules 28.02, 42 V.A.M.S. and 27.20, 42 V.A.M.S.

■ The information sufficiently alleges the crime of burglary in the second degree, as defined in § 560.045 RSMo 1949, V.A.M.S.; State v. O'Brien, Mo.Sup., 249 S.W.2d 433. The record is silent as to arraignment. However, inasmuch as it shows defendant was tried as if he had been arraigned and had entered a plea of not guilty, failure of formal arraignment does not constitute reversible error. Rule 25.04, 42 V.A.M.S. The jury was duly empanelled and sworn, the defendant was present throughout the trial and at rendition of judgment, the trial proceeded in order, the jury was instructed, the cause was argued and submitted to the jury, and its verdict is in proper form and within the range of punishment prescribed for the offense for which he was convicted. § 560.095 RSMo 1949, V.A.M.S. Apparently defendant's sentence to imprisonment in the Intermediate Reformatory instead of the State Penitentiary as specified in the verdict was in accord with § 217.740 RSMo 1949, V.A.M.S. No complaint is made of it. Allocution was granted in accord with § 546.570.

The judgment and sentence is in accord with the verdict as modified by the commutation.

On November 3, 1952, Leonard Stewart and Bertha Stewart, husband and wife, resided in their jointly owned home on Route 1, Courtney and Atherton Road, five or six miles from the city of Independence, in Jackson County, Missouri. Their daughter and her husband, Vola and Foster A. Guffey, resided some 300 or 400 feet east of them. On the morning of said date, Mrs. Stewart left the Stewart home to go to work. The windows and doors of her home were closed. At about 2 o'clock, p. m., she received a call from her daughter advising her that the home had been "broken into", and she immediately returned there. Upon her return, she found one of the back windows partially open. Upon entering the house, in company with her daughter and son-in-law, she found a vanity dresser in the bedroom opened, her purse, which had been therein, was opened and a $20 bill was missing from it. The contents of a jewel box had been spilled and a small amount of jewelry, of the value of $3 or $4, was gone.

Foster A. Guffey testified: On said afternoon he was in the back yard of his home east of the Stewart home and saw some men drive into the driveway in front of the Stewart home, saw two men come to the rear of that home and enter the back porch. He called to his wife to bring him a shotgun and directed her to drive their car to the front of the Stewart home. He walked to the rear of the home, keeping the house "pretty much under surveillance", saw no one at the rear of the premises, went to the front and came upon Green, who told him "they were looking for their aunt". Witness directed his wife, who had driven to the front of the Stewart home, to call the sheriff. Estes came to the front of the house and witness "backed them (Estes and Green) up." He then saw a third man "going up over the hill" to the rear of the Stewart home. One of the two men (Estes) then "made a break around the other side of the house" and ran away.

Orville Lee Estes testified in behalf of the State: On the afternoon of November 3, 1952, he and Hardy Dell Green and defendant rode toward Independence in Green's car. Witness and Green decided to break into a house for the purpose of taking "something from the house". Defendant "didn't want to go at all because he was on parole." All three rode into the driveway of the Stewart home. Green stayed at the car. Witness and defendant went to the rear of the house and defendant stood on the porch.

At this point, witness testified that defendant did not go into the house. Thereupon, the prosecuting attorney, claiming surprise, produced a statement which witness admitted signing, and the following ensued:

   \*    \*    \*    \*    \*    \*

"The Court: I think it is a surprise."

   \*    \*    \*    \*    \*    \*

"Q. (By Mr. Sandler) I will ask you, Orville Estes, if you stated that when you got to this place you went to the back and you found a window partly open and we raised it and entered the house, that is James Turner and I went through the window and Hardy Green stayed outside watching? A. That is right.

"Q. Did you give that statement? A. Yes, sir.

"Q. Was that statement true at the time? A. No, sir, I was scared when I signed that statement and I mixed up a lot of things in that statement. I haven't known Turner very long. No reason I should get up and say he had done something he didn't."

   \*    \*    \*    \*    \*    \*

"Q. (By Mr. Sandler) Do you deny you made such a statement to me? You gave such a statement at the time you signed it? A. I signed that statement, yes, sir, and I was mixed up a lot. I went into the house through the back window. Turner waited on the

back porch. He didn't want to go in because he was on parole. He didn't want to go in the house.

"Q. Did Turner stay around with you when this man (Guffey) came with this shotgun? A. No, sir.

"Q. Where did he go? A. Just left. He was scared, I guess. He was on parole. He had done nothing though. He didn't want to do it to start with.

"Q. You state he had not done anything, but he ran? A. That is right, yes, sir."

Witness further testified that he received a sentence of two years imprisonment for his participation in "this crime", whereupon defendant's counsel stated: "I am going to object at this time to the prosecuting attorney arguing what has happened to this boy on a prior or another charge. I will admit it happened out here at Atherton and Courtney Roads. It is done to prejudice the jury to defendant Turner." The objection was overruled. Witness testified without objection that he had applied for a parole, which had been denied.

Hardy Dell Green testified that he, Estes and defendant entered the driveway of the Stewart home in witness' car. He remained in front of the house and Estes and defendant went to the rear.

On the same afternoon, two men living in the vicinity of the Stewart home, after receiving information of the burglary, saw defendant "sneaking up a fence row", came up to him and questioned him. He denied any knowledge of the matter, but asked why they "didn't give him a break" and what they "would take to let him run." He did run and was later captured in the same general vicinity by one of these men and thereafter taken into custody by a deputy sheriff.

The defendant did not testify.

Defendant's amended motion for a new trial assigns error of the trial court in "not giving a directed verdict in this cause

after witnesses for the State had testified that defendant had no part in the alleged conspiracy, and did not participate nor enter the place alleged to have been entered." (Estes only had so testified.)

Of course, the portion of the written statement made and signed by Estes to the effect that defendant had entered the Stewart home with him, the content of which, in substance, was brought out before the jury, constitutes no substantive evidence that defendant did in fact enter said home. State v. Davenport, 342 Mo. 996, 119 S.W.2d 291; Hammond v. Schuermann Building & Realty Co., 352 Mo. 418, 177 S.W.2d 618, 622. There is then left for consideration the questions whether the oral testimony of Estes is (a) binding upon the State and (b) whether the evidence in the case as a whole shows a total lack of participation by any overt act on the part of defendant so as to make him a principal in the case. Addressing our attention to the last question first, we think that Estes' testimony on this phase of the case could and should be construed as meaning that defendant was merely reluctant to participate in the burglary because of his parole, but that in fact he did participate when he, in company with Estes and Green and with knowledge of their purpose, trespassed upon the Stewart property by entering the back porch and standing there during some of the time that Estes was committing the burglary. But, assuming for the purpose of this opinion that Estes' testimony shows a total lack of participation by defendant, yet the State is not bound by it if there is other evidence in the case from which it may be reasonably inferred that defendant was a participant. State v. Jones, 363 Mo. 998, 255 S.W.2d 801, 804–805[4, 5].

The testimony of Foster A. Guffey that he saw two men enter the back porch, that he kept them "pretty much under surveillance" until he reached the premises, and that upon his arrival there they were not to be seen, clearly warrants an inference that both Estes and defendant had entered and were in the house at that time. We are of the opinion that this evidence,

coupled with the other testimony that defendant was present when the conspiracy was entered into, did enter upon the porch and stand there, did flee and thereafter undertook to conceal himself, warrants his conviction as a principal.

The amended motion assigns error in permitting counsel for the State to make certain improper remarks in the presence of the jury. The first remark complained of is that on voir dire examination of the jury panel the prosecuting attorney referred to the witnesses Estes and Green as having been co-defendants with the instant defendant. Out of the hearing of the jury defendant objected to so designating said witnesses during the trial of defendant, which was promptly sustained. Thereafter, the court with the assent of defendant instructed the jury selected that said witnesses were not co-defendants and that the statement made during voir dire examination to that effect was incorrect. The contention is frivolous.

The second instance complained of was that the prosecuting attorney told the jury that Estes and Green received sentences of two years for their participation in the offense with which defendant was charged. The record shows that on direct examination Estes and Green were each asked if he "received two years for [his] part in this crime", to which each replied, "Yes." The defendant then objected and his objection was overruled. Actually, the objection came too late. But, assuming otherwise and that it was error to admit the evidence, it is difficult to see how it prejudiced the defendant. The guilt of Estes and Green was conceded by defendant. The fact that they were under sentence had nothing whatever to do with the guilt or innocence of the defendant. He received the minimum sentence under the statute, so it could not have been prejudicial as to the punishment meted out to him. The assignment is overruled.

Without objection Estes and Green were permitted to testify that they had applied for paroles and that the parole of

Green had been granted and the parole of Estes had been denied. Defendant assigns error in the admission of that evidence. We are unable to see how this testimony could have been prejudicial to defendant. It was at most immaterial.

■ Defendant's amended motion assigns error in permitting the State to impeach Estes by the use of the hereinabove mentioned statement made and signed by him out of the presence of defendant and after the alleged conspiracy had terminated. Estes admitted making and signing the statement. The record justifies a finding that he was hostile to the State. The testimony given by him at the trial was directly contrary to the statement, and the trial court found that his testimony came as a surprise to the State. Under the circumstances shown in the record and above set forth, the trial court cannot be convicted of error in permitting the witness to be cross-examined as to the contents of his former statement. State v. Bell, 359 Mo. 785, 223 S.W.2d 469, 471; Conner v. Neiswender, 360 Mo. 1074, 232 S.W.2d 469, 473.

■ Defendant's amended motion assigns error in permitting Estes to testify that defendant "didn't want to go at all because he was on parole" for the reason that defendant did not take the witness stand and was prejudiced "to the extent he could not obtain a fair trial." Suffice is it that this testimony was considered by both the State and the defense as being beneficial to defendant. But, in any event, defendant did not object to it and is not in a position to now complain.

■ Error is assigned in the admission of evidence as to the property taken from the Stewart home for the reason that it was shown by the evidence to belong to Mrs. Stewart instead of Leonard Stewart as alleged in the information, and in submitting to the jury the issue of defendant's guilt of grand larceny for the same reason. This contention overlooks the fact that defendant was not found guilty of larceny and that, therefore, the admission of such

evidence is demonstrably shown not to have been prejudicial to him on the charge of larceny. It was, of course, admissible on the charge of burglary.

■ Error is assigned in the failure of the court to give an instruction on (a) circumstantial evidence, (b) the testimony of accomplices, (c) the effect of wilfully false testimony on the part of any witness, and (d) the limited effect of testimony elicited for impeachment. The record is silent as to any request for either of such instructions. All are merely cautionary and in the absence of request therefor the court cannot be convicted of error in not giving them. As to the necessity of a request for an instruction on circumstantial evidence, see State v. Allen, Mo.Sup., 235 S.W.2d 294, 297; as to the necessity of a request for an instruction on the testimony of accomplices, see State v. Mahan, Mo. Sup., 226 S.W.2d 593, 595; as to the necessity of a request for an instruction on the effect of wilfully false testimony, see State v. Politte, Mo.Sup., 249 S.W.2d 366, 370; as to the necessity of a request for an instruction on testimony elicited for impeachment, see State v. White, Mo.Sup., 263 S.W. 192, 195.

■ Error is assigned in the failure of the court to give an instruction on good character of defendant. Such an instruction is necessary only when there is evidence tending to show the good character of the defendant. State v. Fowler, Mo. Sup., 189 S.W.2d 549, 550. There was no evidence to that effect. Consequently, the assignment must be overruled.

■ Error is assigned in the giving of the verdict directing instruction (No. 2). Said instruction defines "feloniously" as meaning "wickedly and against the admonition of the law, that is, unlawfully"; "burglariously" as meaning "with an intent to commit burglary". Such definitions, although criticized by defendant, are so time-honored as to require no further consideration. The instruction then hypothesizes defendant's guilt upon a finding of all the

essentials of burglary in the second degree as defined by statute and charged in the information. The assignment is overruled.

Error is assigned in the giving of Instruction No. 7 on reasonable doubt. It is in the classical form many times approved by this court. State v. Marshall, 354 Mo. 312, 189 S.W.2d 301, 306. The assignment is overruled.

Error is assigned to a statement made by the prosecuting attorney in closing argument to the effect that Estes, Green and defendant were "birds of a feather". The evidence in the case justified such an argument.

The remaining assignments wholly fail to "set forth in detail and with particularity * * * the specific grounds or causes therefor", as required by Rule 27.20, 42 V.A.M.S., and, therefore, present nothing for review. State v. O'Brien, Mo.Sup., 252 S.W.2d 357; State v. Boyd, Mo.Sup., 256 S.W.2d 765; State v. Burks, Mo.Sup., 257 S.W.2d 919.

The judgment is affirmed.

All concur.