## 17377

The STATE, Respondent, v. George R. TRULL, Appellant

(101 S. E. (2d) 648)

*Messrs. Benjamin Surasky* and *Williams & Busbee,* of Aiken, *for Appellant,*

*Leonard A. Williamson, Esq., Solicitor,* of Aiken, *for Respondent,*

January 14, 1958.

STUKES, Chief Justice.

Appellant was indicted along with one Higginbotham for the crime of armed robbery. Higginbotham confessed, pleaded guilty and was sentenced. He had signed a written statement before law enforcement officers in which he implicated appellant as a principal in the commission of the crime. Appellant was later apprehended in a distant state and was put on trial. The State's first witness was the victim of the robbery and he identified the appellant. Higginbotham, who had been brought from prison by officers, was then called as a witness by the State. He contradicted the contents of his statement and testified to the effect that the appellant had no part in the crime, claiming that the statement was extorted by a promise of leniency. Thereupon the solicitor announced to the court that he was surprised by the testimony of the witness and the court ruled that he might cross-examine him. There was no timely objection by appellant's counsel upon the ground that surprise had not been shown. However, when the solicitor proceeded to cross-examine the witness with respect to the statement, objection was made upon the grounds (1) that as to the appellant it was hearsay, (2) that the statement had not been

offered in evidence, and (3) that no copy of it was provided the witness which is required by statute before such a statement may be used in evidence. Upon the admission of the witness that he had signed the statement and a receipt for a copy, although denying the truth of its contents, it was identified; but it was not offered or admitted in evidence.

After conviction by verdict of the jury appellant moved for new trial upon the grounds (1) that the cross-examination of Higginbotham should not have been permitted because there was no showing of surprise of the solicitor; (2) that the statement was hearsay, having been given to State law enforcement officers, and was not introduced in evidence or a copy thereof given to the witness; and (3) that the written statement of another witness was not produced by the State. Ground (3) was abandoned upon appeal.

Upon argument of the motion for new trial appellant called as a witness the sheriff who quoted Higginbotham as having said in his presence that if he were called as a witness in the trial of appellant he would not tell anything; if he were asked he would answer, but would not volunteer to tell anything. Another county officer testified to the same effect. A State law enforcement officer testified that he had Higginbotham in custody on the day of the trial and it was his understanding that Higginbotham would testify pursuant to his previous statement and he was surprised by his testimony on the stand. The solicitor testified upon the motion that just prior to the trial he received from the law enforcement officers Higginbotham's statement; that he had seen it a long time previously but not again until the examination of the witness; he was assured by one of the officers that Higginbotham would testify in accord with his statement and he did not question Higginbotham before calling him as a witness. The motion for new trial was denied and this appeal followed.

Appellant submits a single question which imputes error in the allowance of cross-examination of the State's witness, Higginbotham, relating to his prior

statement, quoting from the question, "when such statement was not in evidence and the witness provided with a copy thereof and without the solicitor showing that he was actually taken by surprise." As noted above, there was no timely objection by appellant or contention at the trial that the solicitor was not surprised by the testimony of the witness, which renders that point unavailable upon appeal. However, surprise was clearly established by the testimony taken upon the motion for new trial, *ante*. Applicable is the following from *State v. Wolfe,* 1930, 109 W. Va. 590, 156 S. E. 56, 57, 74 A. L. R. 1039: "What greater surprise the prosecuting attorney could have had (than) by a denial of positive statements made before the grand jury (here in writing before State and County law enforcement officers) cannot easily be imagined."

*State v. Turner,* Mo. 1954, 272 S. W. (2d) 266, 48 A. L. R. (2d) 1008, was a similar case to that in hand. In a prosecution for burglary a co-defendant had pleaded guilty and was sentenced. When called by the State as a witness, to the surprise of the prosecuting attorney, he testified that the defendant on trial was not a participant in the crime and the State was permitted to impeach the witness by his previous written statement. The witness claimed that he was "scared" when he signed the statement and "mixed up a lot of things." Cross-examination of him as to the contents of the statement was approved on appeal but it was held that the substance of the statement, which was brought out before the jury, did not constitute substantive evidence of the defendant's guilt. Conviction was affirmed. See on the latter point 58 Am. Jur. 449, Sec. 804. Compare *Young v. United States,* 5 Cir., 97 F. (2d) 200, 117 A. L. R. 316.

There is an enlightening discussion of the right of impeachment of one's own witness in 58 Am. Jur., 437 *et seq.,* Sec. 792 *et seq.,* Witnesses. From Secs. 799 and 801, pp. 444, 445, 447, the following is quoted:

"A recognized exception to the rule that a witness may not be impeached by the party at whose instance he testifies exists in the case of a witness who is hostile or unwilling, or who by his testimony surprises the party calling him, provided the surprise is substantial. Well-recognized reasons and principles of the law of evidence support the proposition that at least in the discretion of the trial court, a party surprised by the adverse testimony of his own witness may show that the witness had made prior statements inconsistent with, or contradictory of the testimony which he gave. It would be grossly unfair to permit a witness to entrap a party into calling him by making a statement favorable to that party's contention, and then, when he is called and accredited by that party and gives testimony at variance with his previous statement and against that party's interest, to deny the party calling him the right to show that he was induced to do so by a previous statement of the witness made under such circumstances as to warrant a reasonable belief that the witness would repeat the statement when called to testify. But the court should be satisfied that the party has been taken by surprise, and that the testimony is contrary to what he had just cause to expect from the witness based upon his statements. * * *

"The cases are practically in accord in holding that a party who is surprised by unfavorable testimony of his own witness may interrogate such witness as to previous inconsistent statements made by him, whether the case is a civil or a criminal one. The trial court may exercise a sound discretion in permitting or denying such examination. It may permit the party to put leading questions to his witness on direct examination, or to change the character of the examination from direct examination to cross-examination. The purpose in thus interrogating the witness concerning his previous statements is to refresh his memory, and to probe his conscience and induce him to correct his testimony or explain the apparent inconsistency, to show the circumstances which induced the party to call the witness,

or to lay a foundation for impeachment by inconsistent statements."

Annotation, 74 A. L. R. 1042.

The following decisions of this court are in accord with the foregoing. *State v. Waldrop,* 73 S. C. 60, 52 S. E. 793. *State v. Kennedy,* 85 S. C. 146, 67 S. E. 152. *Squires v. Henderson,* 208 S. C. 58, 36 S. E. (2d) 738. It was concisely said in *State v. Russ,* 208 S. C. 449, 38 S. E. (2d) 385, 386: "It is always permissible, however, for a party when taken by surprise to ask his own witness whether he had made prior statements inconsistent with his testimony." Compare *State v. Nelson,* 192 S. C. 422, 7 S. E. (2d) 72, where the solicitor was, in fact, not surprised and it was, therefore, held error to permit cross-examination of a State's witness as to her previous conflicting testimony at the coroner's inquest.

*State v. McKay,* 89 S. C. 234, 71 S. E. 858, relied upon by appellant, is not inconsistent because it involved the admission of evidence of the prior conflicting statements in addition to the cross-examination of the hostile witness, as is seen from the following excerpt from the opinion: "While a party is not concluded by the testimony given by his own witness, but may prove the facts to be other than as testified to by such witness, he is not permitted to impeach the credibility of his own witness either by testimony as to his general character, or by contradicting him; that is, by proving that, on some other occasion, he made inconsistent statements."

Appellant cites a line of Georgia cases which he claims are contrary to the decisions and text *ante.* A statute of that State provides: "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." * * *. Georgia Code, Book 13A, Title 38, Section 38-1801. This has been construed to mean that the statement must have been made to

the party or his counsel, whereby he was "entrapped," not merely misled. *Jeens v. Wrightsville & T. R. Co.*, 144 Ga. 48, 85 S. E. 1055. In the Georgia decisions cited by appellant the question arose with respect to admission of the testimony of other witnesses to prove the former conflicting statements, which is not the case at bar. Moreover, here the prior statement was made to the party—the State. *Piedmont Operating Co. v. Cummings,* 40 Ga. App. 397, 149 S. E. 814, 815, a Georgia case not cited by appellant, is closer in facts and of like result on the point to that at hand. There the court held as follows : "Where a witness who had been introduced by one of the parties to the case gave testimony, on the direct examination, in a material matter which was in conflict with statements within the knowledge of the examining attorney who had introduced the witness, which the witness had made on former occasions, once in a statement to the examining attorney, and at another time in testimony on a former trial at which the attorney was present, and where it appeared from the statement of the examining attorney that the attorney had been entrapped by the former statements of the witness, it was proper for the court to permit the attorney, for the purpose of impeaching the witness, to interrogate the witness with reference to the former statements and to prove those statements. It was therefore proper for the court to give in charge the law with reference to the impeachment of witnesses."

The argument of appellant relating to the requirement that Higginbotham must have been furnished with a copy of his inculpatory statement has reference to Act No. 794 of 1952, 47 Stat. 1977, entitled "An act to require that any person making a written statement before any state, county, or municipal investigation, be furnished a copy of such statement; and to prohibit the subsequent questioning of the maker of the statement on the contents thereof in any future hearing or criminal judicial proceeding until it be shown that the maker was given a

reasonable time in which to read the statement, and was furnished the required copy," which is codified as Secs. 1-64, 26-7.1 and 26-7.2 of the 1957 Cumulative Supplement of the Code of 1952. But he admitted in testimony his signature to a receipt of a copy of the statement at the time he made it, which was almost a year before the trial under review. He testified that he did not remember receiving the copy or remember having it in his possession. In the brief this is referred to as "somewhat negative" testimony. We need not inquire whether it made an issue of fact because there is no contention thereabout in any of appellant's exceptions.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.