**STATE of Missouri, Respondent,**

v.

**Montie Leon MATHIS, Appellant.**

No. 50136.

Supreme Court of Missouri,

Division No. 2.

Feb. 10, 1964.

Richard F. Adams, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Montie Leon Mathis was found guilty by a jury of burglary, second degree, and after finding that he had previously been convicted and sentenced for the offense of stealing a motor vehicle, as alleged in the amended information, punishment was fixed by the trial judge at imprisonment for eight years. Sentence and judgment followed and defendant has appealed to this court.

In his brief defendant contends that the trial court erred in admitting evidence of the commission by him of a crime for which he was not charged. This is the only assignment of error in his motion for new trial.

Defendant was charged by amended information with burglary, second degree, in that on August 29, 1962, he broke into and entered "the storeroom of the Rapid Auto Sales, a corporation, located at 1210 Truman Road, Kansas City, Jackson County, Missouri," and with stealing. The jury found the defendant not guilty of stealing but guilty of the burglary.

The jury could reasonably find from the evidence that shortly after midnight of August 29, 1962, a member of the Kansas City Police found the defendant sitting in a Buick automobile with the engine running, and which was parked on the used car lot of Texas Traders Auto Sales located at 1401 Truman Road. Defendant had in his possession a "rubber stamp" which contained the address of 1210 Truman Road and was the kind used to "stamp * * * envelopes and papers." An investigation disclosed that the storeroom of the Rapid Auto Sales located at 1210 Truman Road had been broken into. A window was broken out, a door pried open, a desk in the storeroom had the drawers pulled open and the papers inside the drawers scattered around. Tools of the value of $10.00 were missing. Fingerprints found on pieces of glass from the broken window matched those of defendant.

The arresting officer testified that defendant told him that his automobile had broken down and "they" had picked it up to repair it and he had gone "down there," apparently to Texas Traders Auto Sales, to see if it was ready, and while there he was "trying the engine" on the Buick car. The officer then testified that he "checked the area" and the office building on the used car lot "had been broken into." No objection was made to this. He was then asked the color of the paint on the building which had been broken into, and counsel for defendant objected on the ground that defendant was charged with breaking into a building at 1201 Truman Road, and he objected to testimony as to the color of the paint on "the building at 1400 [sic] Truman Road" because it "is irrelevant of this crime." This objection was sustained and the jury was instructed to "disregard the last answer," which was that "the office building on the lot at 1401 Truman Road had been broken into." Subsequently, a second police officer, who had been called by the arresting officer, testified without objection that he had "checked the building at 1401 Truman Road." He did not testify as to what he found. Later this officer was asked whether he talked to the defendant and what he had said. He gave this answer: "Well, he told me that he was at the lot on 1401 Truman Road, for the purpose of checking on the transmission and repair of his automobile, and he was in this car that he was found in for—he wanted to try the motor on it is what he said, and at the time of his arrest, some yellowish paint was on his hand, which, in color matched the paint on the building at 1401 Truman Road." Defense counsel objected to "this rambling narrative" because it was not responsive, and "further that the testimony in regard to the yellow paint connecting up this building at 1401 Truman Road is completely prejudicial and I ask

that the jury be discharged at this time." Both the motion to discharge the jury and the objection to the testimony were overruled. The prosecuting attorney then asked this question: "Now, you say that there was paint on him and it matched the building at 1410 (sic) Truman Road?" and the witness replied, "1401 Truman Road." On cross-examination defense counsel developed that there were two buildings at the used car lot at 1401 Truman Road, and that defendant's automobile, a Studebaker, was parked near a concrete building with a green door, and that the "yellow building" was "roughly fifty feet" west of the concrete building and that it had been "painted soon before." He also asked questions which had the purpose of showing that when defendant walked from his Studebaker to the Buick he would pass by the yellow building, but the witness answered to the effect that the yellow building was not in line with the two automobiles. On redirect examination, this witness testified without objection that the office building was "yellowish green," and that he observed paint of "a similar color" on defendant's hand. Then in response to the question as to whether the witness noticed "anything peculiar about the yellow building" he testified that "the windows on the west side were broken out." Counsel for defendant then objected "to the testimony * * * as to the fact these windows were broken out as imputing some sort of crime on the part of this defendant * * *." The trial court overruled this objection on the ground that "You went into the location of the buildings and where they were." The witness then stated that windows on the yellow building were broken, that they were located on the west wall which was the wall "closest to the garage" or concrete building where defendant's Studebaker was parked, and that the "broken windows on the office building" were fifty or sixty feet from the concrete building. This testimony was brought to a halt when the court advised the prosecuting attorney that "the officer has described the location of the building enough."

Defendant was charged with the burglary of "the storeroom of the Rapid Auto Sales, a corporation, located at 1210 Truman Road." The testimony that on the used car lot of the Texas Traders Auto Sales located two blocks away another and different building had been broken into, that it had recently been painted, and that at the time of his arrest defendant had paint on his hands similar to that on the building constituted evidence tending to show that defendant was guilty of a crime for which he was not charged. Obviously, the breaking of the building at 1401 Truman Road was not and could not have been a part of the res gestae as suggested by the prosecuting attorney. The rule permitting the admission of evidence of the commission of another offense, when by reason of time, place or circumstance the acts constituting the other offense are part of the acts constituting the offense charged, or when taken together the acts constitute one continuous transaction (see 22A C.J.S. Criminal Law § 662(1) et seq.; State v. Bell, 359 Mo. 785, 223 S.W.2d 469; State v. Mangercino, 325 Mo. 794, 30 S.W.2d 763; State v. White, Mo., 301 S.W.2d 827) cannot extend to the situation here when the commission of the burglary charged was necessarily a completed transaction separate and apart from the commission of a second burglary or unlawful breaking two blocks distant. Compare State v. Summers, Mo., 362 S.W.2d 537.

We conclude that defendant made adequate objections to this testimony. His first objection was sustained, and it was then clear to all that defendant was objecting to any evidence that tended to show that he had broken into or burglarized the office building on the lot of Texas Traders Auto Sales. When the testimony came in, as the result of the unresponsive remark of the police officer, defendant's objection was overruled, and then with that approval by the court, the prosecuting attorney brought out that defendant had paint on his hands when arrested which matched that on the building. Defendant sought to make the

best of the situation he could by attempting to show an explanation of the presence of the paint, but this did not waive his previously overruled objection.

It is the well-established general rule that the proof of the commission of other crimes by the defendant is not admissible unless such proof tends to establish the charge for which he is on trial, even though the other crimes were of the same general nature and committed about the same time and place. State v. Garrison, 342 Mo. 453, 116 S.W.2d 23, 24; State v. Summers, supra at p. 542. The state contends that the evidence which admittedly tended to show that defendant broke into the office building at 1401 Truman Road was properly admitted over objection because it tended to establish intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tended to establish the other, or the identity of the defendant. We cannot agree. The crimes were not related, and the fact that defendant may have broken into a building at 1401 Truman Road could not tend to show his intent to commit an unrelated burglary at some previous time two blocks away at 1210 Truman Road. Neither could it tend to show absence of mistake or accident in breaking into the building at 1210 Truman Road, or the identity of the one who did so.

It was prejudicial error to admit the evidence tending to show that defendant had broken into the office building on the used car lot of the Texas Traders Auto Sales.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.