**STATE of Missouri, Respondent,**

v.

**Forrest HACKNEY, Appellant.**

No. 52520.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1967.

———◆———

Norman H. Anderson, Atty. Gen., Jefferson City, James N. Foley, Sp. Asst. Atty. Gen., Macon, for respondent.

Charles C. Hatley, New Madrid, for appellant.

BARRETT, Commissioner.

Upon a charge, in the language of the statute, of murder in the first degree (RS Mo 1959, § 559.010, V.A.M.S.) the appellant, Forrest Hackney, was found guilty of manslaughter (RSMo 1959, § 559.070, V.A.M.S.) and his punishment fixed at nine years' imprisonment. RSMo 1959, § 559.140, V.A.M.S.

On Friday, December 31, 1965, Hackney and Billy Gray were drinking in the taverns near Marston, Hackney paying for the drinks, so he said. He claimed, however, that Gray was picking up and keeping the change, first a five dollar bill and two or three ones. At Howardville Hackney paid for a half pint of whiskey and in Hackney's pickup Gray jerked a ten dollar bill out of his hand. When Hackney protested Gray "give me the ones back" but he said, "You didn't have no ten dollar bill." On the highway, before turning off to Hackney's home, they had a drink from the half pint but Hackney says that "except for one sup" he didn't drink any of the whiskey. They proceeded to Hackney's home and this is his version of how he shot Gray, and as the coroner described it, "the whole top part of his head was blown off." The appellant, Hackney, said that before going in the house they were already in an argument about the money. "So, I went in and put my coat and cap up and just picked up the shotgun and walked through the bedroom there, and set it here beside the door, the kitchen door and inside the bedroom. And so, I thought I would ask him for it again, and I did. He didn't have it. And I said, 'Why don't you get out and go on home, and get out of the house.' And we kept talking there and directly I went and got the shotgun and I thought maybe I would bluff him into giving my money back to me, and scare him. So, I put it on him there and covered him, and I told him to give my money, and to get out. He didn't. I stepped back like this, and looked down, and when I did, why, he hit me in the breast there, and he was standing up there at the table and he jumped and hit me in the breast

there. I stepped back a step. I was aiming to go call the Law. So, I gave him a shove, just like that, and when I give him the shove that gun went off, and I didn't—it went off." (Incidentally, the coroner found about four dollars in change in Gray's clothes and folded in his watch pocket a ten dollar bill.) These circumstances, needless to say, constitute substantial evidence of the offense of manslaughter and adequately support the jury's verdict. State v. Brookshire, Mo., 353 S.W.2d 681, 685–687.

The only point briefed by appellant's hired counsel is this: "The court committed reversible error in admitting evidence that appellant had previously pleaded guilty to a felony involving a death involved in a car wreck when appellant had been drinking." The cases cited by appellant's counsel involved not prior convictions but "separate, disconnected criminal acts of a defendant on trial" (State v. Duncan, Mo., 254 S.W.2d 628, 629) as in State v. Mathis, Mo., 375 S.W.2d 196, the appellant was charged with the burglary and larceny of Rapid Auto Sales at 1210 Truman Road and the state improperly proved that on the same night Texas Traders Auto Sales, 1401 Truman Road, had also been burglarized. Other cases, cited by counsel, illustrating and pointing out the limitations and exceptions to this general rule are State v. Niehoff, Mo., 395 S.W.2d 174, 180; State v. Slaten, Mo., 252 S.W.2d 330, 334. Needless to say, this rule and these cases are inapplicable to this case and its record. As indicated, the appellant Hackney, advisedly no doubt, testified to all the facts and circumstances, there was no attempt to narrow or restrict his cross-examination. RSMo 1959, §§ 491.-070, 546.260, V.A.M.S. His prior felony record did not disqualify him as a witness, but the election to become a witness was his and having done so unqualifiedly RSMo 1959, § 491.050, V.A.M.S. applies: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." Counsel's assignment of error concedes that the cross-examination related to a prior felony conviction and there was no error in thus attacking his credibility as a witness. State v. Washington, Mo., 383 S.W.2d 518, 523.

Upon this record and assignment there was no prejudicial error and accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.