STATE of Missouri, Respondent,

v.

Albert William SCHLEICHER, Appellant.

No. 53495.

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

John C. Danforth, Atty. Gen., Jefferson City, John Fox Arnold, Special Asst. Atty. Gen., St. Louis, for respondent.

John B. Sharpe, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from sentence of four years for second degree burglary and four years for stealing, to run consecutively, upon jury finding of guilty of such offenses.

Joseph R. Stelman and his wife Martha lived at 5750 Rhodes in the City of St. Louis. On the afternoon of November 16, 1966, Mr. Stelman left the house at 2:00 P. M. to go to work. Mrs. Stelman had left at around noon. When Mr. Stelman left, the house was locked and no one was in it.

When Mrs. Stelman returned home at around 8:00 P. M., she found the rear door open. She went to a neighbor's for assistance. When Mrs. Stelman and the neighbor entered the house, Mrs. Stelman found that a glass in the back door had been broken. She found her bedroom ransacked and jewelry was missing from her dresser drawer. She also discovered that a coin collection, $96 in currency and trading stamp books were missing.

Police were called. An officer assigned to the Identification Section processed the house for latent fingerprints. He found two partial prints on a plastic jewelry tray in the bedroom and "lifted" the prints from the tray.

The prints were placed in the police department file. On February 2, 1967, appellant Albert Schleicher was arrested by the St. Louis Police Department. His fingerprints were taken and Officer Fitzpatrick of the Latent Fingerprint Section compared the fingerprints of Schleicher with the prints "lifted" at the Stelman residence. He concluded that the prints taken from the tray were made by Schleicher's left thumb. On the basis of such identification, Schleicher was charged with burglary in the second degree and stealing in connection therewith. At his trial, the only connection of defendant to the offense was by the fingerprint evidence.

On this appeal, the first contention of appellant is that the trial court erred in failing to give an instruction on circumstantial evidence. The defendant offered no such instruction. Nor was failure to give such an instruction assigned as error in the motion for new trial. No effort is here made to demonstrate that the alleged error should be reviewed under the plain error rule. This matter is not properly before us for review. We note, however, the

appellant has cited no cases holding that the court is required to give a cautionary instruction on the effect of circumstantial evidence as part of the law of the case. Numerous cases have held to the contrary. State v. Turner, Mo.Sup., 272 S.W.2d 266, 271 [13], 48 A.L.R.2d 1008; State v. Allen, Mo.Sup., 235 S.W.2d 294, 297 [4].

■ The second contention of appellant is that the defendant's motion for a judgment of acquittal at the close of the state's case should have been sustained because there was insufficient evidence upon which the jury could have convicted the defendant. Defendant did not stand on his motion for acquittal at the close of the state's case. He offered testimony. Therefore, he waived any claim of error of overruling his motion for acquittal at the close of the state's case. State v. Doepke, Mo.Sup., 361 S.W.2d 689, 691 [2, 3]; State v. McDaniel, Mo.Sup., 392 S.W.2d 310, 314 [2, 3].

■ In any event, the fingerprint evidence was sufficient to warrant the jury finding of guilt. See State v. Allen, Mo.Sup., 420 S.W.2d 330, 333: "Proof, however, that fingerprints found in the place where a crime is committed, 'under such circumstances that they could only have been impressed at the time the crime was committed, correspond to those of the accused, may be sufficient proof of identity to sustain a conviction.' Anno: Evidence—Finger, Palm, or Footprint, 28 A.L.R.2d 1115, §§ 28, 29."

■ Appellant's final assignment of error is that he did not receive a trial at the hands of twelve qualified jurors because one of the jurors had a hearing defect. Appellant acknowledges that no objection was made to the juror's qualifications before he was sworn. In fact, knowledge of the claimed disability arose when the jurors were polled after they returned their verdict. Appellant candidly acknowledges that State v. Parsons, Mo.Sup., 285 S.W. 412, and State v. Watson, Mo.Sup., 104 S.W.2d 272, have held that an alleged hear-

ing defect is a disqualification which must be raised before a juror is sworn to try the case. Appellant suggests that the court might wish to re-examine the policies of this state on this subject. However, the policy is basically a legislative one, expressed in § 494.050, RSMo 1959, V.A.M.S., and not within the province of this court to alter.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.