## 11328

### STATE v. BOYD

#### (119 S. E., 839)

1. HOMICIDE—EVIDENCE OF PROSECUTING WITNESS' REPUTATION FOR VIOLENCE ADMISSIBLE.—In a prosecution for assault and battery with intent to kill, defendant has the right to introduce evidence attacking the reputation of the prosecuting witness for violence; but it cannot be done by showing specific instances of violence.

2. CRIMINAL LAW—REFUSAL TO STRIKE OUT STATEMENT THAT ANOTHER WITNESS HAD MADE WITHOUT OBJECTION HELD HARMLESS.—In a prosecution for assault and battery with intent to kill, the refusal of the presiding Judge to strike out a statement of a State's witness, if error, *held* harmless in view of the fact that prosecuting witness had made the same statement without objection.

3. CRIMINAL LAW—THREATENING TO JAIL WITNESS IF HE AGAIN REPEATED HEARSAY TESTIMONY HELD WITHIN DISCRETION OF TRIAL JUDGE AND NOT PREJUDICIAL.—Statement of the Trial Judge to one of defendant's witnesses that, "You have been a police officer, and if you repeat hearsay testimony any more I will have to put you in jail," *held* within the discretion of the Trial Judge and not prejudicial to defendant.

4. HOMICIDE—RIGHT OF CASTLE DOES NOT EXTEND TO MIDDLE OF STREET IN FRONT OF HOUSE OF ACCUSED.—One charged with assault and battery with intent to kill cannot defend on the ground that the right of castle extends to the middle of the street in front of defendant's house.

5. HOMICIDE—SENTENCE FOR ASSAULT WITHOUT OPTION OF FINE HELD PROPER.—In a prosecution for assault and battery with intent to kill, a sentence that was without option of fine *held* without error.

Before MEMMINGER, J., Aiken, September, 1921. Affirmed.

D. Chester Boyd was convicted of assault and battery with intent to kill and he appeals.

*Mr. Wm. M. Smoak,* for appellant, cites: *Evidence as to character and habits of deceased:* 21 Cyc., 909. *Right of person assaulted without fault on his own premises:* 79 S. C., 148; 10 So., 650. *Defendant entitled to alternative sentence, to penitentiary or county chain gang:* 89 S. C., 135; 1 Civ. Code 1922, Secs. 125, 126.

*Mr. R. L. Gunter,* Solicitor, for respondent, cites: *Duty to retreat:* 72 S. C., 194. *Alternative sentence:* Const. 1895, Art. 5, Sec. 33; Crim. Code 1912, Sec. 127; 107 S. C., 421; 5 C. J., 807.

November 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was convicted of assault and battery, with intent to kill, and from the judgment of the Court this appeal has been taken.

I. The first assignment of error is the exclusion of evidence of other difficulties in which the prosecuting witness had been engaged. The defendant has the right to attack the reputation of this prosecuting witness for violence, but it cannot be done by showing specific instances of violence. The specific instances were properly excluded.

II. The next assignment of error was the refusal of the presiding Judge to strike out a statement of a State's witness, to wit:

"I asked him if he had anything, and he said if he had had a pistol himself he would have killed him."

If error, it was harmless, as the prosecuting witness had made the same statement without objection.

III. The next assignment of error is that the presiding Judge said to one of the defendant's witnesses, while he was on the stand:

"You have been a police officer, and if you repeat hearsay testimony any more, I will have to put you in jail."

This statement was within the discretion of the trial Judge, and was not prejudicial to the appellant in any way.

IV. The next assignment of error is that his Honor refused to charge the jury that the right of castle extended to the middle of the street in front of his house. The case of *State v. Brooks,* 79 S. C., 144; 60 S. E., 518; 17 L. R. A. (N. S.), 483; 128 Am. St. Rep., 836; 15 Ann. Cas., 49, cited by appellant, does not sustain his position. On page 49 of 79 S. C., on page 520 of 60 S. E. (17 L. R. A. [N. S.], 483; 128 Am. St. Rep., 836; 15 Ann. Cas., 49), we find:

"The case of *State v. Rochester,* 72 S. C., 199; 51 S. E., 658, holds that one on his land, adjoining a public road, if assaulted by another who is on such road, is bound to retreat before taking the life of his adversary, if there is probability of his being able to escape without losing his life or suffering grievous bodily harm. The Court declares the reason of this distinction to be that, under the circumstances, he would not have the right to eject his adversary from the place where he had a right to be."

V. The last assignment of error is that the sentence was not in the alternative.

*State v. Charles,* 107 S. C., 421; 93 S. E., 136, shows that this exception cannot be sustained.

The judgment appealed from is affirmed.