16027

STATE v. BUSH
(45 S. E. (2d) 847)

*Messrs. Williams & Busbee,* of Aiken, for Appellant,

*Messrs. B. D. Carter,* Solicitor, of Bamberg, and *John E. Stansfield,* of Aiken, for Respondent,

January 9, 1948.

OxNER, J.: Appellant, Wylie Bush, shot one Otto Drakeford with a pistol on October 1, 1945, at Graniteville, South Carolina. Upon an indictment charging him with assault and battery with intent to kill, he was tried October, 1946, found guilty and a sentence for a term of four years imposed. The questions raised by the exceptions relate to the admission of testimony and the charge of the trial Judge, and can better be understood by first making a general statement of the case as developed by the testimony.

Appellant was married in 1928. He and his wife lived together until March, 1943, when the separated. During this period two children were born, a boy and a girl, who at the time of the trial were approximately seventeen and thirteen years of age, respectively. After living separate and apart for a period of about six months, the parties became reconciled and lived together at Augusta, Georgia, until December, 1944, when they again separated. Mrs. Bush and the two children then left Augusta and moved into the home of her brother-in-law and sister, Mr. and Mrs. Otto Drakeford, at Graniteville. Shortly thereafter the son went back to Augusta and has since resided with his father. Appellant's wife secured work in a mill at Graniteville and, along with her daughter, continued to live in the Drakeford home where her father also resided.

During the afternoon of October 1, 1945, appellant left Augusta and drove his car to Graniteville, stopped in front of the Drakeford home about 6:30 P. M., called his daughter and carried her to a nearby store at which he purchased some grapes and ice cream. In about thirty minutes he returned, parked his car across the road from the Drakeford home, and told his daughter to take the ice cream in the house and tell her mother to come out to the car as he wanted to talk with her. His daughter returned and told her father that her mother "had nothing to say to him". He then told her to go back and tell her mother that he wanted his engagement ring. There is a sharp conflict in the testimony as to what then transpired. The testimony of the State was to the effect that appellant started cursing and raising a disturbance; that his father-in-law, who was sitting on the porch at a distance of about thirty or forty feet from appellant's car, called Otto Drakeford, who was inside the house, and told him to come out and make appellant leave; that Drakeford then went into the yard and remonstrated with appellant about his cursing and raising a disturbance; and that appellant, while sitting in his car, without any provocation, shot

Drakeford four times while the latter was standing in his yard at a distance of about twenty-two feet from appellant.

Appellant denied that he cursed or created any disturbance. He testified that as he was getting ready to leave, Drakeford came out into the yard and, while cursing and threatening his life, started toward his car; that when Drakeford was within close range, he asked him to stop, but he continued to advance and threw his hand back in a manner indicating that he was reaching for a weapon; and that he then took his pistol from the car and shot Drakeford in self-defense. According to appellant's contention, Drakeford was in the road when the shooting occurred.

We shall now refer to the testimony which appellant strenuously objected to and now claims was improperly admitted. The State offered testimony to the effect that after Mrs. Bush moved to the Drakeford home, appellant, while drinking, came to see her several times in an effort to induce her to come back to him; that the last visit prior to the shooting occurred about eleven o'clock on the night of August 25, 1945, at which time appellant was disorderly, attempted to assault and made threats against Drakeford, and was told by the latter not to return to his home again. Testimony was also admitted to the effect that appellant's wife had to leave him because he was "forever drinking, quarreling and cursing" and that on several occasions prior to their separation appellant assaulted his wife. Illustrative of this line of testimony is the following:

"Q. Well, now, Mrs. Bush, did you ever have trouble with Mr. Bush assaulting you? A. I did several times. He drawed a gun on me several times. He slapped my face and broke my glasses one time and one time he knocked me up against the door and I was paralyzed for about a week.

"Q. And on account of those things you left him? A. Yes, sir.

"Q. Have you refused to live with him on account of those things? A. Yes, sir."

The rule is well settled that in assault and battery and homicide cases, evidence that the accused and prosecuting witness or the deceased had a previous difficulty is admissible, but it is improper to admit the details of such difficulty. *State v. Evans et al.,* 112 S. C. 43, 99 S. E. 751; *State v. Abercrombie,* 130 S. C. 358, 126 S. E. 142; *State v. Kennedy,* 143 S. C. 318, 141 S. E. 559; *State v. Smith,* 200 S. C. 188, 20 S. E. (2d) 726. In *State v. Evans et al., supra,* and *State v. Abercrombie, supra,* the Court quoted with approval the following from *State v. Adams,* 68 S. C. 421, 47 S. E. 676: " 'The evidence as to the previous difficulty was competent only to show the animus of the parties, and thus aid the jury in reaching a conclusion as to who was probably the aggressor, and what demeanor each party had reason to expect from the other when they met and the fatal difficulty occurred. The general details of the previous trouble were properly excluded.' "

Under the foregoing rule we think it was proper to admit evidence showing the purpose of the visits by appellant to the Drakeford home and that on his last visit prior to the alleged assault, he was drinking and disorderly, made threats against Drakeford, and was directed not to return to the home again. The exceptions relating to the admissibility of this testimony are overruled.

We think that the other testimony complained of was highly prejudicial and improperly admitted. Appellant had not placed his character in issue or sought to introduce evidence of his reputation as a peaceable, law-abiding citizen. The evidence relating to the conduct of appellant while he and his wife were living together and the cause of their separation constituted an attack upon his character and tended to show separate and independent crimes wholly irrelevant to the issue being tried. The State contends that this testimony "was competent on the question of motive, intent, malice and whether or not the defendant brought on the difficulty". We do not think so. Appellant was not being tried for assaulting his wife.

"The former friendly or strained relationships of parties to lawsuits, including that of the close relatives of the parties, are very often admissible in evidence". *State v. Petit,* 144 S. C. 452, 142 S. E. 725, 731. It was therefore, proper to show that appellant and his wife had separated, that she refused to live with him and had moved into the home of her brother-in-law; and if appellant entertained a hostile feeling toward Drakeford because he permitted Mrs. Bush to live in his home, testimony to that effect was admissible. But the Court below ruled that the State could go further and show why appellant and his wife "could not and did not live together" and instructed the jury that the testimony under discussion was admitted solely for that purpose. But we are unable to see the relevancy of the question of who was at fault in bringing on this separation. It is true that the Court stated that the State would not be permitted to go into the details but notwithstanding this ruling, the testimony complained of was thereafter admitted.

In *State v. Abercrombie, supra,* it was held that it was error to permit the wife of the deceased to give the complete details of a transaction that occurred at her house about four weeks before the homicide during which the defendant cursed and abused the wife of the deceased. The Court held that such testimony should have been limited to threats made by the defendant against the deceased. The Court said (130 S. C. 358, 126 S. E. 143): "It was prejudicial to the defendant that she (the wife of the deceased) should be allowed to testify to the abuse of her made by the defendant, and that he cursed and abused her in the absence of her husband. It is not allowed to give the details of any previous difficulty between the defendant and the deceased, much less to give the details of a transaction between the defendant and a third person". In *State v. Gregory,* 127 S. C. 87, 120 S. E. 499, it appeared that the quarrel between the defendant and the deceased arose out of a dispute between them concerning the legality of an election. It was held that it was immaterial whether such election was legal.

The exceptions imputing error in the admission of the testimony relating to the conduct of appellant while he and his wife were living together are sustained. The remaining exceptions relate to the charge of the trial Judge. Inasmuch as the questions raised with reference to the charge will not likely arise when the case is tried again, we shall not undertake to pass upon them.

Judgment reversed and case remanded for a new trial.

BAKER, CJ., and FISHBURNE, STUKES and TAYLOR, JJ., concur.