18056

Thomas Bert GILFILLAN, Appellant, v. Bonnie Lattimore
GILFILLAN, Respondent

(130 S. E. (2d) 578)

*Melvin L. Roberts, Esq.,* of York, *for Appellant,*

*W. M. Brice, Jr., Esq.,* of York, *for Respondent,*

April 17, 1963.

BRAILSFORD, Justice.

By its decree dated August 5, 1961, the Juvenile and Domestic Relations Court for York County awarded a divorce to Bonnie Lattimore Gilfillan and awarded to her custody of the three children of her marriage to Thomas Bert Gilfillan, and he has appealed.

The action was brought by appellant for a divorce from respondent on the ground of adultery and for custody of the three children. She denied the charge of adultery and sought a divorce from appellant on the ground of physical cruelty.

Several hearings were held and much testimony was taken. As is usual in such cases, the testimony of the parties and of their respective witnesses was in sharp conflict on most of the questions involved. Decision of the issues necessarily depended upon the trial judge's appraisal of the credibility of the witnesses. For reasons which often have been stated, he had a better opportunity to appraise the testimony than we have. He resolved the conflicts in the testimony in favor of respondent and concluded that the charge of adultery had not been proved and that appellant had been guilty of such physical cruelty toward respondent as to entitle her to a divorce. After carefully considering the entire record, we are not convinced that these conclusions were against the weight of the evidence.

As we interpret the exceptions, they do not assign as error the conclusion of the trial judge that the physical abuse testified to by respondent constituted physical cruelty within the meaning of the divorce law. Instead, the error assigned is that there was insufficient corroborative evidence to justify a divorce on this ground.

Kenny Gilfillan, the eight-year-old son of the parties, was placed on the stand by appellant. He was apparently nervous, reluctant and evasive on direct examination. On observing this, the trial judge retired to his chambers with the witness and the attorneys. When the examination was resumed, the boy's attitude apparently changed and he answered questions much more freely. His testimony may fairly be evaluated as corroborating that of his mother about a physical attack made on her by appellant immediately prior to the final separation. Furthermore, there were corroborating circumstances. Several witnesses, including a police officer and a doctor, testified that they observed bruises on respondent's person. The appellant admitted that his wife "got beat up" on the night in question, but testified that this was done by someone else after she left his house. There is no other suggestion in the record that respondent was beaten by any-

one other than appellant. The exceptions based upon a claimed lack of sufficient corroborating evidence are without merit.

After the hearings were closed, appellant took young Kenny Gilfillan to the office of his attorney, where the boy was interviewed at length and a tape recording was made. Appellant served notice of a motion to reopen the case and "to receive into evidence" a recording or transcript of this interview "on the grounds that the interview shows that his testimony given at the prior hearing in this matter was false or at least contradictory to the information given in this interview, and will be used to impeach the witness, Kenneth Gilfillan, and for such other probative value as such evidence may have."

The court's refusal to grant this motion is assigned as error. The exception is without merit. Contradictory statements may not be used to impeach a party's own witness except upon a showing of surprise. *State v. Trull*, 232 S. C. 250, 101 S. E. (2d) 648, and authorities cited therein. No claim of surprise was made as a ground of the motion; nor does the exception make the point that the inconsistent statement should have been admitted for purposes of impeachment because the unfavorable testimony of the witness had taken appellant by surprise. Therefore, the long, argumentative exception does not embody a meritorious assignment of error and was properly overruled.

Another exception charges that the trial judge erred in excluding testimony as to the reputation of the James Lattimores and of their home. The Lattimores are respondent's parents and she and the children were residing in their home at the time of the hearings. The decree appealed from contains this statement:

"* * * This Court has heard testimony as to the character and reputations of the Plaintiff and Defendant, as well as the character and reputations of the Defendant's family being Mr. and Mrs. James Lattimore, Sr., in whose home

the Defendant and three (3) minor children have been residing since this action was instituted * * *."

The exception is general and does not refer to any particular witness whose testimony was excluded. Appellant's brief refers to only one witness who "was not permitted to testify as to the reputation of the Lattimore's or their home." This testimony was excluded at the second of three hearings. This witness had moved out of the community some four years before when she was about 16 years of age and had not since been in the Lattimore home or come in contact with them. She stated that she knew only by hearsay that Lattimore "still drinks" and that she had "no information concerning * * * the fitness of this home for young children to be reared in to (her) knowledge." We think that testimony as to the general reputation of the Lattimores is relevant on the question of the suitability of their home as an abode for the children as it relates to custody. However, it does not appear from the record that this witness was qualified to testify thereabout. Therefore, no prejudice is shown. Cf. *Legrande v. Legrande,* 178 S. C. 230, 182 S. E. 432, 102 A. L. R. 582. Furthermore, the matter was opened up at the final hearing when respondent offered testimony that Mrs. Lattimore's reputation was good and counsel for appellant failed to pursue it. He evidently thought that the evidence as to reputation which had been previously received, and which the decree shows was considered by the judge, was sufficient and is not now in a position to complain.

Only one more exception need be considered. It charges that the court erred in awarding custody of the children to the respondent instead of to appellant. Again, we have carefully considered the evidence and are not convinced that the court below erred in deciding that the best interests of these young children would be served by awarding their primary custody to their mother. The main contention of appellant in this respect is that the Lattimore home is not a suitable abode for the children because of Mr. Latti-

more's habits of intoxication. Admittedly, he has a record for drinking and related offenses, with 5 arrests between 1948 and 1952. The evidence is conflicting as to his conduct in recent years. The respondent expressed a desire to establish a separate home for herself and the children and the court made no final decision that she could retain custody of them in the Lattimore home. The decree provided:

"That the Defendant and three (3) minor children are herewith permitted to live and reside in the home of Mr. and Mrs. James Lattimore, Sr., parents of the Defendant, Bonnie Lattimore Gilfillan, in Sharon, South Carolina, until such time as this Court has an opportunity to investigate the said home at which time this Court will make a final determination as to the suitability of said home for the rearing of minor children."

It is stated in appellant's brief and was conceded in oral argument that this determination has not been made. We assume that the court has deferred action because of the pendency of this appeal and will now proceed promptly to decide this important question.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.