### 19902

The STATE, Respondent v. John C. COX, Jr., Appellant.

(209 S. E. (2d) 432)

*Messrs. H. F. Partee* and *John I. Mauldin,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Atty.,* of Columbia, and *C. Victor Pyle, Sol.,* of Greenville, *for Respondent,*

October 30, 1974.

LITTLEJOHN, Justice:

John C. Cox, Jr., the appellant, and John Cockrell were charged with armed robbery. The State elected to try the appellant alone. Cockrell was apparently on bond and in Okinawa in the military service.

Upon the call of the case counsel for the appellant, pursuant to Circuit Court Rule 27, made a motion for a continuance on the ground that Cockrell was a material witness, and that to require the appellant to stand trial without

Cockrell present to testify on behalf of the appellant would result in an unfair trial. The motion was denied. The appellant was convicted and sentenced.

The appellant (through newly assigned counsel) submits to this Court one issue as a basis for requesting a new trial. He asserts that the lower court abused its discretion in failing to grant the motion for a continuance.

Circuit Court Rule 27 sets forth the requirement of a motion for a continuance. Among other things it states:

"A party applying for such postponement on account of the absence of a witness *shall set forth under oath in addition to the foregoing matter what fact or facts he believes the witness if present would testify to, and the grounds of such belief.*" (Emphasis added.)

The appellant argues that the trial judge abused his discretion in denying the motion for a continuance. Since counsel failed to comply with the rule by setting forth what he believed Cockrell would testify, the judge had nothing to evaluate as a basis for exercising a discretion in the appellant's favor.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.