20234

Ricky FEWELL, Appellant, v. STATE of South Carolina and William D. Leeke, Director, South Carolina Department of Corrections, Respondents.

(225 S. E. (2d) 853)

*Messrs. W. Clarkson McDow, Jr.,* of Rock Hill, and *Roy T. Stuckey,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

June 8, 1976.

Lewis, Chief Justice:

Appellant, a first offender, was convicted and sentenced for violation of the South Carolina law regulating controlled substances and dangerous drugs (Code Supplement, Section 32-1510.49). He seeks, in his application for post conviction relief, to have his sentence set aside and that the cause be remanded for resentencing, on the ground that the sentence imposed was greater than that permitted by statute for the offense of which he was convicted. This appeal is from an order of the lower court denying the relief sought.

A jury returned a verdict of "guilty" against appellant under an indictment charging that he

"did willfully and unlawfully have in his possession sixty (60) full hits of LSD and some broken hits in violation of S. C. Dangerous Drugs and Narcotics Act."

The trial judge construed the verdict as finding appellant guilty of possession of LSD with intent to distribute and imposed a sentence of ten (10) years under Code Supplement, Section 32-1510.49(b)(1) which sets the sentence for a first offense thereunder at "not more than fifteen years or a fine of not more than twenty-five thousand dollars, or both." Appellant contends, however, that he was indicted and convicted for the lesser offense of simple possession of LSD under Code Supplement, Section 32-1510.49(c & d) which carries a sentence for the first offense of not more than two years or a fine of not more than five thousand dollars, or both.

We agree with appellant that the above quoted language from the indictment did not charge him with possession of LSD with intent to distribute but rather with the lesser offense of possession. A necessary element of the offense for which appellant was sentenced is that the person charged have possession "with intent to . . .

distribute . . . a controlled substance." Code Supplement, Section 32-1510.49(a)(1).

Nowhere in the indictment is the charge of possession "with intent to distribute" set forth in the language of the statute; nor is there any language from which it might reasonably be inferred that it was intended to include a charge of such offense. The quoted portion of the indictment does, however, clearly charge the offense of simple possession.

As a general rule, a defendant must be tried and, if convicted sentenced only upon the charges set forth or necessarily included in the terms of the indictment. 41 Am. Jur. (2d), Indictments and Informations, Section 312; *State v. Tabory*, 262 S. C. 136, 202 S. E. (2d) 852.

Since the indictment in this case contained only the charge of possession of LSD, the verdict of "guilty" referred only to such charge. Therefore, appellant could only be sentenced for that offense and not for the greater offense of possession with intent to distribute.

The State (respondent) contends however that appellant and his counsel fully understood that the charge was possession of LSD with intent to distribute and that the indictment should be held sufficient to sustain the conviction for that offense. The testimony of appellant's trial counsel that he understood the charge to be possession with intent to distribute and that he so informed appellant does not alter the fact that the language of the indictment was completely insufficient to allege such offense.

An examination of the court's instructions to the jury shows that the greater offense was not submitted. Near the beginning of the charge to the jury, the trial judge stated: "Now this defendant is charged in the indictment with the possession of an unlawful drug." This statement was followed by instructions as to the offense of possession. Later in the charge, the jury was instructed that "under our law

possession with intent to sell carries a penalty for first offense of twenty-five thousand dollars or fifteen years in prison." This was the only reference in the charge to the offense of possession with intent to sell or distribute. Therefore, after giving the jury the legal principles applicable to the offense of simple possession of LSD, the trial judge simply gave the jury an erroneous instruction as to the punishment for that offense, the only one charged in the indictment.

No objection was interposed by appellant to the foregoing instruction relative to the punishment for possession with intent to sell or distribute. It is argued that the failure to object amounted to either a waiver or was proof of the understanding between the parties that such offense was charged. We disagree. The indictment charged only simple possession; that was the only offense submitted to the jury under the instructions of the court; and the failure of appellant's counsel to object to the erroneous instruction as to the applicable punishment did not deprive appellant, either by waiver or agreement, of the right to be sentenced within the terms of the appropriate statute for the offense for which he was convicted.

The sentence imposed is accordingly set aside and the case remanded to the General Sessions Court for York County for resentencing of appellant under the proper statute.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.