## 20930

The STATE, Respondent-Appellant, v. Avram BENDOLY, Alexander
Okner and Aleksey Vainbrum, Appellants-Respondents.

(254 S. E. (2d) 287)

48

*Morris D. Rosen* and *Robert N. Rosen,* Charleston, *for appellant-respondent Bendoly.*

*Cleveland Stevens,* Conway, *for appellants-respondents Vainbrum et al.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. H. G. Charles,* Conway, *for respondent-appellant.*

April 10, 1979.

GREGORY, Justice:

Appellants Avram Bendoly, Alexander Okner and Aleksey Vainbrum were convicted of conspiracy and assault and battery of a high and aggravated nature and each was sentenced to life imprisonment for conspiracy and ten years imprisonment for assault and battery of a high and aggravated nature. We reverse.

First, appellants contend the trial judge erred by declaring a witness for the State hostile and permitting the State to impeach the witness.

The rule in this State is that a party cannot impeach his own witness except when the witness proves hostile or recalcitrant. *State v. Nelson,* 192 S. C. 422, 7 S. E. (2d) 72 (1940). A witness may not be declared hostile except upon a showing of both actual surprise, *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657 (1969), and harm, *State v. Richburg,* 250 S. C. 451, 158 S. E. (2d) 769 (1968).

Here, the trial judge declared the state's witness hostile, over objection of counsel for appellants, after finding that the testimony of the witness at trial contradicted the witness's testimony at an earlier preliminary hearing. The State introduced no evidence of surprise, and the trial judge made no finding of surprise. In the absence of a showing of actual surprise by the State, the trial judge committed error by declaring the State's witness hostile. See: *State v. Ellefson,* 266 S. C. 494, 224 S. E. (2d) 666 (1976); *State v. Harvey, supra; Gilfillan v. Gilfillan,* 242 S. C. 258, 130 S. E. (2d) 578 (1963); *State v. Trull,* 232 S. C. 250, 101 S. E. (2d) 648 (1958); *State v. Nelson, supra.*

Since the witness's prior sworn testimony was inculpatory of appellants, the introduction of the testimony by the State was prejudicial and requires a reversal of appellants' convictions.

Second, appellants contend the trial judge erred by refusing to allow them to testify regarding their good faith belief in the legality of their actions. Appellants desired to explain to the jury that at the time they carried out the activity for which they were indicted and tried, they believed they were doing a lawful act. However implausible such an explanation may have appeared, we are

of the view appellants should have been permitted to present their side of the story.

Third, appellants contend the trial judge erred by imposing life imprisonment upon their convictions for conspiracy. Appellants were indicted and tried for violating Section 16-17-410, 1976 Code of Laws of South Carolina. This statute is a codification of the common law offense of conspiracy. The maximum penalty provided by law for the violation of Section 16-17-410 is five years imprisonment or a fine of five thousand ($5,000.00) dollars. The error in sentencing appellants to life imprisonment upon their conviction for violating Section 16-17-410 is manifest, and the error s properly conceded by the State. *Fewell v. State*, 267 S. C. 17, 225 S. E. (2d) 853 (1976).

Fourth, appellants contend the trial judge erred by admitting into evidence the contents of the automobile occupied by appellants Okner and Vainbrum at the time of their arrest. Appellants argue the State failed to establish that the contents of the automobile had not been tampered with during the interval between the time the automobile was impounded and the time it was inventoried.

It appears from the record that the automobile was towed from the scene of the arrest to the police impounding lot where it was locked. The impounding lot is enclosed by a cyclone fence topped with barbed wire. Th ekeys needed to unlock the automobile were in the constant possession of the police. There was only a short interval of approximately three hours between the time the automobile was impounded and the time it was inventoried. On these facts, the contents of the automobile were properly admitted into evidence. *State v. Hayden,* 268 S. C. 214, 232 S. E. (2d) 889 (1977).

Appellants' final contention is that the trial judge erred by refusing their motions for a directed verdict. Because this case is remanded for a new trial, we refrain from commenting on the facts. We have, however, carefully reviewed

all the testimony and other evidence contained in the transcript and are satisfied there was sufficient evidence to justify the refusal of appellants' motions for a directed verdict.

We consider it unnecessary to address appellants' exception regarding the refusal of the trial judge to grant their motions for a continuance. We have reversed appellants' convictions on another ground and on the retrial of the case it is unlikely this issue will reappear.

Accordingly, we reverse appellants' convictions and remand for a new trial.

Lewis, C. J., Rhodes and Ness, JJ., and Joseph R. Moss, Acting Associate Justice, concur.