21907

The STATE, Respondent, v. Stuart BISSETTE, Appellant.

(302 S. E. (2d) 344)

*T. Kenneth Summerford,* Florence, and *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

April 20, 1983.

LITTLEJOHN, Justice:

The Appellant-Defendant was charged in one indictment on two counts and convicted of: (1) the distribution of hashish

on July 25, 1980, and (2) the distribution of cocaine on August 15, 1980, both at his filling station in Florence. He appeals.

The principal witness for the state was South Carolina Law Enforcement Division Officer Mark Keel. He was brought to Florence by local police officers for the purpose of making buys. He testified that on July 25, 1980, he bought about seven and one half grams of hashish from the Defendant, and paid him therefor $60 in cash. He further testified that some three weeks later, he bought a quantity of cocaine from the Defendant, and paid him therefor the sum of $420 in cash. Agent Keel positively identified the Defendant as the person from whom the purchases were made at the Defendant's own filling station. When the cocaine was purchased, Defendant gave to Officer Keel his business card, which was introduced into evidence.

Agent Grady A. Layton, a chemist from SLED, testified that the substance bought on July 25th was hashish, a potent form of marijuana, and the substance bought on August 15th was cocaine and lidocaine.

According to the State's evidence, the filling station was closed when the purchase of the hashish was made early in the evening of July 25th. The Defendant came back to the closed filling station in his blue Trans Am Pontiac, bearing South Carolina license EZK—117, for the purpose of making the sale. It is the testimony of the Defendant that the station was open on that day until 10:30 in the evening while he was servicing equipment of the Sumter Builders Supply.

As relates to the August 15th purchase of cocaine, it is the testimony of the State that the purchase was made in the station and it was at that time that the business card of the Defendant was given to Agent Keel. It was the testimony of the Defendant and other alibi witnesses that he was sick on that day and was not at the filling station at all.

The Defendant could not testify as to what he did for the Builders Supply on July 25th. No work order was produced and a representative of Sumter Builders Supply had no record of any service having been billed for or paid relative to that date, or during July.

In essence, it is the contention of the Defendant that there was a matter of mistaken identity on both occasions.

Officer Keel of SLED was working with Officer Michell of the Florence City Police Department and Officer Howard of

the Florence County Sheriff's Department. Prior to the sale on July 25th, they placed Agent Keel with an informer. They did not on either occasion accompany Keel and the informer to the filling station but stayed a block and a half away in surveillance. Howard testified that he was familiar with the Defendant's blue Trans Am Pontiac and observed it from the time it left the Defendant's home until it pulled in at the service station to meet Agent Keel and the informer.

At a preliminary hearing, Officer Michell made out the case on behalf of the State, testifying largely from notes of Agent Keel made at the time of the two purchases. He stated that he did not see the Defendant.

The State did not call Officer Michell but defense counsel did. He asked Officer Michell: "Did you see Stuart Bissette in person that night?" He was obviously referring to July 25th when, according to the testimony, the Defendant drove in the blue Pontiac back to the filling station after it was closed and met Officer Keel and the informer. Michell's answer to the question was as follows:

> Yes, sir. I'm not going to say 100 per cent for sure that it was him, but it was his vehicle and it appeared to be him driving the car. I did not speak with him; I did not shake hands with him or anything like that, but it appeared to be him driving the vehicle.

Based on the difference in the testimony, the defense counsel asked that Michell be declared a hostile witness, which was refused. This is alleged to be error. The matter of declaring a witness hostile is for the discretion for the trial judge. *State v. Ellefson*, 266 S. C. 494, 224 S. E. (2d) 666 (1976). A witness should not be declared hostile except upon a showing of both actual surprise and harm. *State v. Richburg*, 250 S. C. 451, 158 S. E. (2d) 769 (1968). From a review of the entire record we are of the opinion that even if it be found that defense counsel was taken by surprise, no harm or actual prejudice has been shown. It is apparent that the jury simply did not believe the Defendant and his alibi witnesses.

Other errors alleged to entitle the Defendant to relief have been considered and found to be without merit.

Affirmed.

LEWIS, C. J., and GREGORY, J., concur.

NESS and HARWELL, JJ., dissent.

·NESS, Justice (dissenting):

I would reverse.

At the preliminary hearing, Officer Michell testified unequivocally he never saw the appellant at the scene of the alleged buy; at trial, Michell testified he did see the appellant. Based on this and other discrepancies in Michell's testimony, appellant moved to have Michell declared a hostile witness. The trial judge denied the motion on the ground appellant's counsel had not interviewed Michell since the preliminary hearing and was thus estopped to show surprise.

We have never required counsel to interview a witness prior to trial to confirm the witness will testify consistently with previous sworn testimony. Accordingly, I would hold the trial court improperly denied the motion, reverse and remand for a new trial.

HARWELL, J., concurs.