22808

The STATE, Respondent v. Timothy HAMLET, Appellant.

(362 S. E. (2d) 644)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, *and Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Nov. 3, 1987.

Decided Nov. 30, 1987.

CHANDLER, Justice:

Appellant (Hamlet) was convicted of first degree burglary and grand larceny and given concurrent sentences of twenty-five years and ten years, respectively. We reverse and remand for a new trial.

On the evening of Monday, November 11, 1985, James Feagin was fox hunting in the vicinity of a house owned by Flora Kennedy. Mrs. Kennedy, who stayed in the house only on weekends, was at her residence in Columbia.

Feagin was parked on the side of the road just beyond the house. When he turned on his headlights, he saw one man getting out of a nearby ditch and another heading into an adjoining thicket. He then saw them walk out of the woods to a Ford Maverick which had just pulled up at an abandoned store. Feagin heard three people arguing in front of the store.

Shortly thereafter, Feagin saw the Maverick leave the store. For the next thirty minutes he watched it drive slowly up and down the road in front of Mrs. Kennedy's house. Becoming suspicious, he radioed for the other fox hunters. Upon their arrival, the hunters found a flashlight, jewelry, and coins in the ditch. They then called the police.

Witnesses later observed Hamlet, Alphonso Pearson and a third individual riding in the Maverick. When arrested, Pearson gave the police a statement implicating Hamlet in the break-in.

The sole issue we address is whether the trial judge erred in allowing the State to impeach its own witness.

Hamlet and Pearson were indicted for grand larceny and first degree burglary. During their joint trial, Pearson pled guilty to the charges.

The State later called Pearson as a witness. When Pearson testified that Hamlet had not participated in the crimes, he was interrogated concerning a written statement he had given the police. Hamlet's attorney objected to the State's impeachment of its own witness, arguing that the witness had not been shown to be hostile. After the objection was overruled, the solicitor then elicited from Pearson that he had told the police that Hamlet broke into the house and stole jewelry.

The rule that the State may not impeach its own witness through a prior inconsistent statement is inapplicable when the witness is declared hostile. *State v. Bendoly*, 273 S. C. 47, 254 S. E. (2d) 287 (1979); *State v. Ellefson*, 266 S. C. 494, 224 S. E. (2d) 666 (1976). A witness should not be declared hostile except upon a showing of both actual surprise and harm. *State v. Bissette*, 279 S. C. 98, 302 S. E. (2d) 344 (1983); *Bendoly, supra*.

In *Bendoly*, we held that the trial judge committed error in declaring a State's witness hostile and in allowing his impeachment, where the State made no showing and the trial judge made no finding of surprise. Here, the solicitor did not claim surprise, nor did the trial judge make such a finding. Accordingly, it was error to allow the impeachment.

Hamlet's convictions are reversed and the case remanded for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.