23400

The STATE, Respondent v. Tony ANDERSON, Appellant.

(406 S.E. (2d) 152)

Supreme Court

*Chief Atty. David I. Bruck,* and *Deputy Chief Atty. Elizabeth C. Fullwood,* of *South Carolina Office of Appellate Defense,* Columbia, and *Edmund H. Robinson,* Charleston, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Dec. 6, 1989; Decided May 20, 1991.

Rehearing Denied July 24, 1991.

FINNEY, Justice:

Appellant Tony Anderson was convicted of murder and sentenced to life imprisonment. We affirm.

On the night of February 20, 1980, Nathaniel Reed was found shot to death outside an apartment complex in Charleston. Approximately one month later a warrant was issued charging the appellant with Reed's murder, but he could not be located. Also arrested in connection with Reed's murder were Barbara Nesbitt, the victim's girlfriend, Donald Anderson, appellant's brother, Daniel Sumter Edwards and Vanessa White. Subsequently, the charges against Vanessa White were dropped. Daniel Sumter Edwards pleaded guilty to conspiracy to commit murder and accessory after the fact. Donald Anderson was charged with capital murder but pleaded guilty to non-capital murder pursuant to a plea bargain. Thereafter, at the 1980 trial of Barbara Nesbitt, Donald Anderson testified that he was hired by Nesbitt to murder Reed but that it was the appellant who shot and killed Reed.

Appellant's 1980 arrest warrant was executed in 1987 after he was arrested in New York for an unrelated offense. Subsequently, appellant was indicted for Reed's murder and tried in 1988. Prior to trial, the state moved to have Donald Anderson called as a court's witness during the trial of appellant's case, citing as grounds for its motion:

(1) that Donald Anderson a) is the appellant's brother; b) is presently serving a life sentence for his involvement in the offense for which the appellant has also been charged; and c) has previously provided sworn testimony concerning him as well as the appellant's involvement in the offense;

(2) that the state would not be willing to vouch for Donald Anderson's credibility in view of his actual and perceived bias and hostility; and

(3) that a material injustice would result if the evidence possessed by Donald Anderson were not presented at appellant's trial.

Prior to conclusion of the state's case, the court held a hearing outside the presence of the jury to consider the state's motion. After arguments from the prosecution and the defense, the court granted the motion and Donald Anderson testified.

Appellant first argues the trial judge erred and abused his discretion by permitting Donald Anderson to be called as a court's witness, asserting that the vouch rule[1] was impermissibly circumvented. We disagree.

The decision to call a court's witness is generally within the discretion of the trial court. *State v. Tillman*, 255 S.C. 528, 180 S.E. (2d) 209 (1971); *Elletson v. Dixie Home Stores*, 231 S.C. 565, 99 S.E. (2d) 384 (1957).

> The power [of the Court] to call witnesses has perhaps most often been exercised when the prosecution expects that a necessary witness will be hostile and desires to escape the necessity of calling him and being cumbered by the traditional rule against impeaching one's own witness.

McCormick, *Evidence*, 3rd § 8, p. 816 (1984).

Cognizant of the potential for prejudice to an accused through undue and improper influence upon a jury by evidence adduced through an individual called as a court's witness, we promulgate the following prerequisites for a prospective court's witness.

(1) The prosecution must be unwilling to vouch for the veracity or integrity of the witness;

(2) a close relationship must exist between the accused and the potential court's witness, i.e. accomplices, family members, etc.;

(3) there must be evidence that the prospective witness was an eyewitness to the transaction upon which the

---

[1] As a general rule, the party offering a witness must vouch for his veracity and cannot cross-examine or impeach him. *State v. Hamlet*, 294 S.C. 77, 362 S.E. (2d) 644 (1987). However, a party may impeach its own witness if the witness is first declared hostile. *State v. Bendoly*, 273 S.C. 47, 254 S.E. (2d) 287 (1979). To justify a finding that a witness is hostile, the party offering the witness must show both surprise and harm. *Id.* An actual showing, and a specific judicial finding, of actual surprise and harm must be made before the party offering the witness may be allowed to impeach him. *Id.*

prosecution is based, gave a sworn statement concerning pertinent facts and the statement has been contradicted or it is probable that it will be contradicted; and

(4) the testimony the witness is to relate must be material, such that without the testimony a miscarriage of justice would likely result.

*See Scarborough v. State,* 50 Md. App. 276, 437 A. (2d) 672 (Md. App. 1981).

Further, the trial judge should conduct a hearing outside the presence of the jury to determine the necessity of calling the witness. Both the prosecution and the defense must be allowed to cross examine and impeach the witness. 81 Am. Jur. (2d), *Witnesses* § 3 (1976).

The record in the present case reflects 1) that the prosecution was unwilling to vouch for Donald Anderson's credibility; 2) that the prospective witness, Donald Anderson, and the accused, appellant Tony Anderson, were brothers and alleged accomplices in the crime charged; 3) that Donald Anderson had previously provided sworn testimony implicating the accused; 4) that there was a probability that the prospective witness would recant his previous testimony due to the relationship between the witness and the accused; and 5) that a miscarriage of justice was likely to occur if Donald Anderson did not testify in Tony Anderson's trial.

Moreover, the trial court held the requisite hearing outside the presence of the jury prior to calling the witness and allowed both the prosecution and the defense to cross examine and impeach Donald Anderson when he testified. Based on the record before us, we conclude that the trial judge adequately observed safeguards to protect the appellant's rights. Therefore, we find that the trial court did not abuse its discretion in permitting Donald Anderson to testify as a court's witness.

Additionally, the appellant alleges the trial court erred by denyng his motion to admit a witness' prior written statement into evidence.

The witness' prior written statement is not a part of the appeal record, and the record is devoid of a showing that inconsistencies exist between the witness' trial testimony and his prior written statement. Since no proffer of the excluded testimony was made, this Court is unable

to determine whether the appellant was prejudiced by the trial court's refusal to admit the written statement into evidence. A reviewing court may not rule on alleged error in the exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been. *State v. Roper*, 274 S.C. 14, 260 S.E. (2d) 705 (1979).

Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

For the foregoing reasons, this case is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.