1899

The STATE, Respondent v. Scott A. HAWKINS, Appellant.

(425 S.E. (2d) 50)

Court of Appeals

*Wm. Gary White, III* and *Kenneth W. Lobenstein,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Sept. 14, 1992.

Decided Nov. 30, 1992.

*Per Curiam:*

The appellant, Scott Hawkins, was convicted of resisting ar-

rest and assault and battery of a high and aggravated nature. Hawkins raises forty-three issues on appeal. These issues address pretrial rulings, evidentiary rulings, jury argument, and jury instructions. We affirm.

Viewing the evidence in the light most favorable to the State, a Cayce police officer observed the appellant driving in an erratic manner late one Friday night. The appellant stopped in the parking lot of his apartment complex and the officer pulled in behind him. The appellant was uncooperative and verbally abusive to the officer. The officer smelled alcohol on the appellant and observed beer bottles in his car. The appellant refused to perform field sobriety tests. When the officer attempted to arrest the appellant for driving under the influence, the appellant shoved and punched the officer and tried to run into his apartment. The officer called for assistance. The appellant continued to fight and kick after a second officer arrived on the scene. During the altercation, the appellant bit the thumb of the second officer and repeatedly tried to kick the first officer in the groin. When the appellant bit the second officer, this officer hit the appellant in the head twice with his fist and twice with a blackjack in an effort to make the appellant release his thumb. Two other officers arrived and the appellant was handcuffed and taken to the city jail. A few hours later the appellant indicated his head hurt. He was transported to the hospital where he had several surgical staples placed in the back of his head.[1]

At trial, the officers testified about the arrest and the injuries they received in the fight. Hawkins and his witnesses asserted the arresting officer started the altercation and the officers used excessive force in making the arrest. Pictures were introduced by both the State and Hawkins showing various injuries to the individuals involved.

## PRETRIAL RULINGS

Hawkins challenges several pretrial rulings. We find no merit to any of these issues.

---

[1] It is important to note the appellant never challenged the sufficiency of the evidence to support his conviction. His primary argument on appeal is the exclusion of evidence denied him a fair trial.

## I.

The first issue is the failure of the court to grant a continuance on the grounds of illness of cocounsel and the absence of a material witness. The granting of a motion for continuance is within the sound discretion of the trial court and may only be reversed upon a finding of an abuse of discretion. *State v. Lytchfield,* 230 S.C. 405, 95 S.E. (2d) 857 (1957); *State v. Cox,* 263 S.C. 221, 209 S.E. (2d) 432 (1974).

Hawkins was represented by two attorneys. One of his attorneys was ill the day the case was called for trial and cocounsel sought a continuance. Cocounsel indicated he was familiar with the facts of the case and had participated in the filing of pretrial motions. The court denied the motion for continuance. The other attorney later joined the trial and participated in questioning witnesses and presenting of legal arguments to the court. We find no abuse of discretion.

Hawkins also sought a continuance based upon the absence of a material witness. The witness was one of four people who had been with the appellant the night of the arrest and was an eyewitness to the incident involving the police. An attempt was made to subpoena her in South Carolina but apparently she was in Florida at the time of trial. We find no abuse of discretion in the refusal to grant the continuance. Counsel for appellant did not fully comply with the requirements of Rule 7(b), SCRCrimP, as his motion for continuance was not verified under oath. However, he did present the court with an affidavit from the witness which presumably outlined her testimony. A comparison of the affidavit with the testimony of other fact witnesses presented by the appellant indicates the testimony would have been cumulative. *See Ward v. Epting,* 290 S.C. 547, 351 S.E. (2d) 867 (Ct. App. 1986) (exclusion of cumulative evidence no ground for reversal).

## II.

Hawkins asserts the court erred in failing to grant his motion to quash the indictments because he did not receive a requested preliminary hearing. Under Rule 2, SCRCrimP, a defendant charged with a crime not triable by a magistrate may request a preliminary hearing. The hearing is to be held within ten days following the request but shall not be held "if the defendant is indicted by a grand jury . . . before the pre-

liminary hearing is held." Rule 2(b), SCRCrimP. Further, any delay in holding the preliminary hearing is not a ground for delay in prosecution of the case in the court of general sessions. Rule 2(e), SCRCrimP. The record is unclear about the timing of the request but the defendant was indicted by the grand jury before a preliminary hearing was held. There was no error by the trial court.[2]

## III.

The appellant asserts the court erred in failing to grant his notion to change venue. The motion was based upon appellant's filing of a civil action against the county. Appellant contended jurors from the county would have a monetary interest as taxpayers in the outcome of the civil case and would not be impartial in the criminal trial. Counsel for appellant did not support the motion with affidavits under S.C. Code Ann. § 17-21-80 (1985).

A motion for change of venue is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed by an appellate court absent an abuse of discretion. *State v. Owens*, 293 S.C. 161, 359 S.E. (2d) 275 (1987). In this case the trial court conducted adequate voir dire of prospective jurors including questions propounded by the defendant to ensure the defendant received a fair trial. We find no error.

## IV.

The trial judge refused to recuse himself upon motion by the appellant. The recusal motion was based upon the trial judge's residence within the country. Appellant argues the refusal to recuse was error because the trial judge would not be impartial due to his potential financial interest as a taxpayer in the defendant's civil suit against the county. We find no merit in this argument. There is no indication of actual bias or prejudice by the trial judge. The claim of appearance of impartiality based upon a potential financial interest has no foundation in the record. *See Virginia Elec. & Power Co. v. Sun Shipbuilding and Dry Dock Co.*, 539 F. (2d)

---

[2] Counsel for Hawkins relied upon S.C. Code Ann. § 22-5-320 (1976) at argument before the trial court. This code section was declared unconstitutional in *State v. Keenan*, 278 S.C. 361, 296 S.E. (2d) 676 (1982).

357 (4th Cir. 1976) (trial judge had no financial interest in case based upon remote future possibility he might share in utility refund).

The appellant also claims the trial judge erred in hearing the motion for recusal in front of the jury panel and thereby informing them of the civil suit. The record does not indicate the civil suit was mentioned during the motion. This issue has no merit.

Hawkins contends the court erred in refusing to strike a juror for cause because the juror had spoken to one of the prosecution witnesses. During voir dire, the court inquired at defense counsel's request if any juror had spoken to a witness. One juror indicated she had spoken to a witness because they were former co-employees; however, she was not affected by the conversation. Defense counsel later asked the court to strike this juror for cause and the court refused.

There is no basis to indicate the juror was disqualified merely because she casually spoke to a witness. We further note the record does not indicate Hawkins exhausted his peremptory strikes and therefore he is prevented from raising this issue on appeal. *State v. Elmore,* 300 S.C. 130, 386 S.E. (2d) 769 (1989).

## EVIDENTIARY RULINGS

Hawkins challenges numerous evidentiary rulings made by the court during the trial. We find no merit to any of these contentions.

### I.

Hawkins asserts the court improperly limited his examination of the arresting officer by not allowing him to question the officer about the use of deadly force. The court inquired about the relevancy of the testimony but then stated "[go] right ahead" after counsel advised the court of his position. There was no limitation of examination and counsel apparently chose not to proceed. There is no merit to this issue.

### II.

Hawkins next argues the court improperly limited his examination of the officers regarding the Cayce Police Department's policy for treatment of injuries sustained

by individuals in custody. The court sustained a relevance objection by the State to this inquiry to the arresting officer. No proffer was made concerning the policy. During the examination of a second officer, an attempt was made to introduce a written policy but the witness could not identify it and an objection was sustained. The policy was not later authenticated and is not part of the record on appeal. Given the procedural posture, there is nothing for this court to review on appeal. *See State v. Anderson*, 304 S.C. 551, 406 S.E. (2d) 152 (1991) (reviewing court may not rule on alleged error in exclusion of testimony unless record on appeal shows fairly what the rejected testimony would have been). We note an officer later testified without objection it was the procedure of the Cayce Police Department to transport a prisoner for medical treatment if he complains of an injury. We find no error.

## III.

Hawkins argues the court erred in refusing to admit photographs of a codefendant, a videotape, and medical records from his hospital admission.

The codefendant, Dennis Crabtree, was in the car with the appellant that night.[3] Counsel for Hawkins attempted to introduce pictures of Crabtree, presumably to show Crabtree's physical condition after his arrest. The court sustained an objection to the introduction and the pictures were marked for identification. They are not part of the appellate record. Therefore, this court has nothing to review. *Id.* In any event, it appears Crabtree's condition was described by other witnesses.

Hawkins sought to introduce a videotape showing his front porch where part of the altercation took place. The video was taken by a local television station. The State objected on the grounds the video was not authenticated and was not relevant to the issue of the legality of the arrest. The State also stipulated there was blood on the porch. A picture of the appellant's head injury had already been introduced. This court is unable to determine whether the exclusion of the video prejudiced Hawkins because the video was not made part of the appellate record. *Id.*

---

[3] The disposition of any charges against Crabtree is not clear from the record although Hawkins asserts in his brief the charges were dropped. Crabtree was not tried with Hawkins.

Hawkins also asserts the court erred in not admitting his hospital records. The medical records custodian brought the records to court. The State noted an objection to their introduction and the records were marked for identification. The trial judge indicated he would come back to them. No further effort was made by the appellant to introduce the records during the presentation of evidence. After the jury charge, the court stated the records were not admitted into evidence because they were irrelevant. Although they were marked for identification at trial, the records are not part of the appellate record and this court may not review the issue on appeal. *Id.*

## IV.

Hawkins contends the court erred in not allowing him to call Dennis Crabtree as a hostile witness. Counsel for Hawkins asked the court to declare Crabtree a hostile witness before Crabtree testified. The court refused and no testimony was proffered to establish hostility or the substance of his testimony.

As a general rule, a party offering a witness vouches for his truthfulness and cannot cross-examine or impeach the witness. *State v. Hamlet,* 294 S.C. 77, 362 S.E. (2d) 644 (1987). However, a party may impeach his own witness if the witness is declared hostile. A witness should not be declared hostile except upon a showing of both actual surprise and harm. *State v. Bendoly,* 273 S.C. 47, 254 S.E. (2d) 287 (1979). Hawkins may not have been able to demonstrate actual surprise since he sought to have Crabtree declared a hostile witness before his testimony. In any event, we have nothing to review since no proffer was made of the testimony. *State v. Anderson,* 304 S.C. 551, 406 S.E. (2d) 152 (1991).

Hawkins also called Lynn Crabtree, the wife of Dennis Crabtree, as a witness. On appeal Hawkins argues the court erred in refusing to declare her a hostile witness. The record does not indicate Hawkins ever asked the court to declare her a hostile witness. There was some effort to impeach her but the court indicated Hawkins could not impeach his own witness. Given the record we find no error.

## V.

Hawkins asserts the court erred in refusing to allow his expert witness, a former Cayce police officer, to testify whether excessive force was used in making the arrest. The court ruled an expert was not necessary because the jury could decide from the evidence whether the force used to make the arrest was reasonable.[4] The substance of the witness's testimony was not proffered for the record. Since there was no proffer of the expert testimony, this court cannot assess its potential relevance and thereby determine whether the trial court abused its discretion by the exclusion. *Zaragoza v. Zaragoza*, — S.C. —, 420 S.E. (2d) 516 (Ct. App. 1992).

## VI.

The appellant asserts the trial court erred in failing to grant a mistrial due to the introduction of testimony relating to threatening phone calls made by him and other problems he had with fighting.

During cross-examination, the appellant was asked if he ever made threatening phone calls to a particular witness. Counsel made an objection about "blanket allegations" and the trial judge instructed the prosecutor to "move on." Hawkins did not move to strike the testimony or ask for a mistrial. This same area of inquiry arose later when the prosecutor asked a witness without objection by the appellant whether the appellant had threatened her if she testified against him.

Another witness for the State testified on direct that "it is not really out of the ordinary for Scott Hawkins to have a police problem or a fighting problem." Counsel for Hawkins objected and moved for a mistrial. The court denied the motion and instructed the jury to disregard the testimony.

The granting of a mistrial is largely discretionary with the trial court. *State v. Dawkins*, 297 S.C. 386, 377 S.E. (2d) 298 (1989). An instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission and a mistrial should not be ordered in every case where incompetent evidence is received and later stricken out. *Id.* We find no abuse of discretion in this case. We note

---

[4] See Rule 24(a), SCRCrimP.

Hawkins introduced further evidence of fighting during his own cross-examination of the witness when the witness testified he had filed assault charges against Hawkins.

## VII.

Several evidentiary rulings involve attempts by the appellant to introduce evidence relating to the reputation of the arresting officer and the Cayce police department for the use of violence. There was also an effort to introduce evidence of the habit of the arresting officer to use violence in making an arrest and evidence of prior dealings between the appellant and the arresting officer.

During cross-examination of the arresting officer, counsel for Hawkins attempted to ask him about his reputation for violence. The trial court sustained an objection holding reputation is what others in the community think and not what the individual believes about himself. The court correctly defined reputation. *Barrett v. State,* 140 Ga. App. 309, 231 S.E. (2d) 116, 117 (1976) (reputation of a person is the kind of person other people say he is). Further, two other witnesses were asked about the arresting officer's reputation for violence and gave contradictory answers. Therefore, evidence regarding the arresting officer's reputation was admitted.

Hawkins presented a witness, Ann Osborne, who testified *in camera* regarding a prior confrontation she had with the arresting officer. Hawkins asserted this evidence would show the arresting officer's custom in dealing with arrestees and the evidence was relevant to the issue of who was the aggressor when he was arrested. The trial court sustained an objection by the State to the testimony.

In an action for assault and battery, the defendant has the right to attack the reputation of the prosecuting witness for violence but this cannot be done by showing specific instances of violence. *State v. Boyd,* 126 S.C. 300, 119 S.E. 839 (1923). Further, in assault and battery cases evidence the accused and prosecuting witness had previous difficulties is admissible but it is improper to admit the details of such difficulty. *State v. Bush,* 211 S.C. 455, 45 S.E. (2d) 847 (1948).

The proposed testimony of Osborne would appear to violate

both legal principles. Further, there is no indication Hawkins had any contact with the arresting officer during the incident with Osborne. There is also no indication Hawkins was aware of the incident with Osborne prior to his own arrest. We hold there was no error in the exclusion of this testimony.

Finally, the appellant argues the trial court erred in not allowing him to present evidence regarding prior bad feelings between himself and the arresting officer. Appellant's brief cites testimony of his girlfriend about a prior incident between Hawkins and the arresting officer. This incident involved a complaint by a neighbor concerning Hawkins. The girlfriend described this incident and was preparing to recount another incident when the solicitor objected to the relevance of the testimony and the trial judge sustained the objection. No proffer of the excluded testimony was made. Evidence regarding previous difficulties between the accused and the prosecuting witness is admissible although the details of the difficulty should not be admitted. *Id.* Even though the details of one incident were admitted, we cannot review the second incident because there was no proffer of the testimony. *State v. Anderson*, 304 S.C. 551, 406 S.E. (2d) 152 (1991).

## VIII.

Hawkins has also raised several other evidentiary rulings among his forty-three issues on appeal. Upon examination of the record and the briefs, we find no error in the rulings and conclude the issues are manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1991).

## JURY ARGUMENT

The appellant asserts the closing argument of the solicitor was improper. We find no error.

At one point, the assistant solicitor in discussing credibility stated "I submit to you [the defendant] was lying." No objection was made by Hawkins and the court *sua sponte* advised the solicitor the argument was improper. There was no motion for mistrial. Since Hawkins did not object to the argument, there is no issue to be raised on appeal. *See State v. Pierce*, 263 S.C. 23, 207 S.E. (2d) 414 (1974).

The assistant solicitor also referred in closing argument to Hawkins's civil suit. Hawkins submits the court erred in allowing the State to unduly emphasize the money the county might have to pay in the civil suit. The solicitor's comment came in reference to credibility and Hawkins's testimony that he did not know how much damages he was seeking in the civil action. Counsel did not object but rather made a statement that the federal court would specify damages. The court made no comment. Viewed in context, there is nothing in this argument that denied the appellant a fundamentally fair trial. The appellant had also raised the issue of the civil suit during trial and had testified he sustained damages due to his injuries. We note the trial court advised the jury in its charge the civil suit was not an issue in the case and had no consequence except as it may relate to credibility. There was no objection to this charge. We find no error.

## JURY INSTRUCTIONS

Hawkins contends the trial judge erred in failing to charge certain requested jury charges. He also contends the court erred in identifying certain charges as having been proposed by the defense.

During the charge, the court stated "I refer to certain requests which have been made of the court to charge you by the defense." The court then listed the charge by number and either gave the charge or indicated it was declined or withdrawn. In charge number nine the judge stated "I'm quoting from that request. It is not my language." After the charge counsel did not object to the procedure but stated "[w]e have the exceptions to those charges we requested that your honor did not charge." Counsel also asked for a charge regarding criminal intent. The court noted the objections. In order to warrant a reversal, the refusal to give a requested charge must have been erroneous and prejudicial. *Merritt v. Grant*, 285 S.C. 150, 328 S.E. (2d) 346 (Ct. App. 1985). We find no error.

Concerning the manner of charging the defense requests, we find no error because counsel did not interpose an objection. Without an objection, the issue is not preserved for appeal. However, we do not approve of the

method used by the court. We see no reason to identify the source of the charge. The duty of the court is to declare the law applicable to the case. If a requested charge accurately declares the law there is no need to state the charge originated with the defense, the prosecution, or the judge.

Hawkins argues the trial court erred in refusing to give certain requests to charge. The appellate court must review the charge as a whole. Reversal is not necessary if the charge as a whole is substantially correct and adequately covers the law. *State v. Rabon*, 275 S.C. 459, 272 S.E. (2d) 634 (1980). In reviewing the charge, the trial judge specifically addressed the power of an officer to make an arrest without a warrant. He charged the jury concerning an unlawful arrest and the right of a person to resist an unlawful arrest by force if necessary. He also charged self-defense. The appellant did not object to any of the language used by the court but rather generally objected to the failure to charge all his requests. Upon review of the jury charge and the requests to charge, we find no error. The charge as given adequately covered the law applicable to the facts of the case.

Affirmed.

