THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Antonio D.
 Bradley, Appellant.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge
Unpublished Opinion No.  2009-UP-168
Submitted April 1, 2009  Filed April 27,
 2009
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Asst. Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: Antonio
 Bradley appeals from his convictions for criminal
 sexual conduct (CSC) with a minor in the second-degree and committing a lewd
 act upon a child.  Bradley argues the trial court committed reversible error in
 (1) prohibiting him from meaningfully cross-examining the States witnesses, (2)
 admitting inappropriate collaborative testimony, and (3) allowing inadmissible
 hearsay into evidence.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  
1. As to whether the trial court prohibited meaningful
 cross-examination of the States witnesses: State v. Simmons, 360 S.C.
 33, 46, 599 S.E.2d 448, 454 (2004) (stating the failure to make a proffer of
 excluded evidence will preclude review on appeal); State v. Santiago,
 370 S.C. 153, 634 S.E.2d 23 (Ct. App. 2006) (requiring a proffer of testimony
 to preserve the issue of whether testimony was properly excluded by the trial
 judge and stating an appellate court will not consider alleged error in the
 exclusion of testimony unless the Record on Appeal shows fairly what the
 excluded testimony would have been); State v. Hawkins, 310 S.C. 50, 54,
 425 S.E.2d 50, 57 (Ct. App. 1992) (declining to rule on the courts alleged
 error of excluding evidence when no proffer was made, and the excluded evidence was not contained in the Record). 
2.
 As to whether the trial court admitted inappropriate collaborative testimony: State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (A party may
 not argue one ground at trial and an alternate ground on appeal.); State v.
 Holliday, 333 S.C. 332, 509 S.E.2d 280 (Ct. App. 1998) (stating to preserve an alleged error in
 admitting evidence, the objection should be sufficiently specific to bring into
 focus the precise nature of the alleged error so it can be reasonably
 understood by the trial judge).  
3.
 As to whether the trial court abused its discretion in allowing inadmissible
 hearsay into evidence: State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d
 520, 523 (2005) (internal citations omitted) (To preserve an issue for review
 there must be a contemporaneous objection that is ruled upon by the trial court.  The objection should be
 addressed to the trial court in a sufficiently specific manner that brings
 attention to the exact error.  If a party fails to properly object, the party
 is procedurally barred from raising the issue on
 appeal.); State v. Vanderbilt, 287 S.C.
 597, 598, 340 S.E.2d 543, 544 (1986) (stating an issue that is not properly
 preserved cannot be raised for the first time on appeal); Rule 803(3), SCRE (explaining a "statement
 of the declarants then existing state of mind, emotion, sensation, or physical
 condition is not excluded by the hearsay rule).  
AFFIRMED.[1] 
Huff,
 Williams, and Konduros, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.